[No. 9,415. Department Two. — July 18, 1884.]

## JOHN E. BAILEY, RESPONDENT, v. B. D. SLOAN, APPELLANT.

JURISDICTION OF SUPERIOR COURT — COMPLAINT — AD DAMNUM CLAUSE. — The *ad damnum* clause of the complaint is the test of jurisdiction, and where the demand according to that clause exceeds three hundred dollars, exclusive of interest, the Superior Court has jurisdiction of the action.

DEFAULT JUDGMENT — ENTRY BY CLERK. — Where a demurrer to the complaint has been overruled, and the defendant fails to file an answer within the time granted him, the clerk is authorized to enter his default and judgment for the amount specified in the summons.

ID. — PRACTICE — OVERRULING DEMURRER — NOTICE OF — APPEAL. — If the defendant against whom a judgment by default has been taken for a failure to answer within ten days after his demurrer to the complaint has been overruled, desires to avail himself of an omission on the part of the plaintiff to give him notice of the overruling of the demurrer, he should move the trial court to set aside the default and judgment on that ground, and if the motion is denied, appeal from the order denying it.

APPEAL from a judgment of the Superior Court of Kern County.

The action was brought to recover the amount due on three promissory notes for the respective sums of $100, $159, and $269.97; and also for the sum of $50 due on an account for goods sold and delivered. The complaint contained four counts; each note and the account being alleged as a further and separate cause of action. The prayer of the complaint was for a

judgment for $656, the aggregate of all the items, and interest on the notes according to the terms of each.

The defendant demurred to the entire complaint, and also to each count separately, on the ground that the court had no jurisdiction of the subject-matter, and that the complaint did not state facts sufficient to constitute a cause of action. The remaining facts are stated in the opinion.

*Robert Harrison*, for Appellant.

*J. W. Freeman*, for Respondent.

SHARPSTEIN, J.—The demurrer was properly overruled. The demand according to the *ad damnum* clause of the complaint, exclusive of interest, exceeds $300. The *ad damnum* clause in the complaint is the test of jurisdiction. (*Maxfield* v. *Johnson*, 30 Cal. 545; *Solomon* v. *Reese*, 34 Cal. 28; *Sanborn* v. *Superior Court of Contra Costa County*, 60 Cal. 425; *Dashiell* v. *Slingerland*, 60 Cal. 653.)

No answer was filed, and the time within which the defendant was granted leave to answer having expired, the clerk was authorized to enter his default, and a judgment for the amount specified in the summons. (Code Civ. Proc. § 385.)

As the appeal is from the judgment alone, we have nothing before us except the judgment roll in which notice of the overruling of his demurrer would not appear, even if such notice had been given. If none was given, and the defendant wished to avail himself of the omission, he should have moved in the court below to set aside the default and judgment on that ground, and if his motion had been denied, appealed from the order denying such motion. In that way alone could he have got the question which he now seeks to raise before this court.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.