[No. 9765.  Department Two. — September 29, 1885.]

LOWER KINGS RIVER WATER DITCH COMPANY, Respondent, *v.* KINGS RIVER AND FRESNO CANAL COMPANY, Appellant.

Practice — Amendment of Pleadings — Discretion of the Court. — After the cause had been at issue more than two years, the defendant, without obtaining leave of the court and without notice to the plaintiff, filed an amended answer, a copy of which was served upon the plaintiff's attorneys, who made no protest or objection until after the trial had commenced, two weeks subsequent to the service and filing of the amended answer, when they moved to have it stricken from the files. The court granted the motion, and the defendant thereupon asked leave to refile the amended answer on a proper showing, which the court refused. *Held,* that the action of the court was an abuse of discretion.

APPEAL from a judgment of the Superior Court of the county of Tulare, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*H. S. Dixon,* and *D. S. Terry,* for Appellant.

Any objection to the filing of the amended answer was waived. (*Hollister* v. *Livingston,* 9 How. Pr. 140, and other cases.) It was the duty of the court to allow the amendment. (*Peters* v. *Foss,* 16 Cal. 358; *Lestrade* v. *Barth,* 17 Cal. 286; *McMillan* v. *Dana,* 18 Cal. 349; *Roland* v. *Kreyenhagen,* 18 Cal. 457; *Person* v. *McCahill,* 22 Cal. 127; *Kirstein* v. *Madden,* 38 Cal.

LXVII. CAL.—37.

163; *Stringer* v. *Davis*, 30 Cal. 318; *Lybecker* v. *Murray*, 58 Cal. 186.)

*Brown & Daggett*, for Respondent, cited *Stuart* v. *Lander*, 16 Cal. 373; *Page* v. *Williams*, 54 Cal. 562; *Harney* v. *Corcoran*, 60 Cal. 316.

MYRICK, J.—This is an action to recover damages for an alleged improper diversion of water from Kings River, and for an injunction restraining further diversion. The complaint was filed April 23, 1880, and on the 6th of September an answer was filed. In October of the same year an appeal was taken from an order refusing to change the place of trial, and the appeal was in this court until May 22, 1882, when the remittitur went down. On the 4th of September, 1882, without previous notice to the defendant, plaintiff obtained an order of the court setting the case down for trial on the 6th of October. Negotiations for a compromise and settlement had been pending between the parties and were undetermined when the last order was made. On the 23d of September the defendant, without obtaining leave of the court and without notice, filed an amended answer, setting up among other defenses not contained in the original answer, prior appropriation by defendant and those under whom it claimed. A copy of the amended answer was delivered to and received by plaintiff's attorneys without objection and without protest. No notice was given that the defendant would apply for leave to file the amended answer. On the 6th of October the case was called for trial. The plaintiff asked a postponement until the following day, because certain depositions had not been returned. Defendant objected to the postponement unless the testimony of a witness who did not wish to be detained could be taken. The parties consented to the examination of the witness, which was had and further hearing postponed. On the following day, October 7th, the case was called for trial and answered "ready" by both parties. Before further proceeding, the plaintiff moved to strike from the files the answer of September 23d, because it had been filed without leave, and because no notice had been given. The court granted the motion against defendant's protest and exception. The defendant then asked

leave to file the amended answer, presenting affidavits to show why the new defenses set up had not been presented in the original answer. The plaintiff objected on the ground that no notice of the application had been given. The motion was denied. Defendant then asked a postponement that he might prepare and file additional affidavits, which was also denied. The court then took a noon recess, and after recess the defendant read an additional affidavit and renewed his motion for leave to refile the amended answer. This motion was denied. The trial then proceeded. The plaintiff gave evidence tending to show that its appropriation commenced in the latter part of 1870. The defendant offered to show that its predecessors' acts of appropriation commenced in July, 1870, and thus that defendant's rights antedated plaintiff's claim of right. This evidence was excluded. The defendant made a further effort during the trial to amend its answer so as to admit evidence of prior appropriation.

We are not prepared to say the court erred in excluding the evidence offered, for the reason that it was not within the issue; but we think the defendant should have been permitted to make its defense. As between the parties to this controversy, one party or the other has the better right. The allowance of amendments to pleadings is in general largely in the discretion of the trial court, but we think the record of the testimony given and offered and rejected, shows that such discretion was not properly exercised in this case. In strictness under the pleadings, it may be that plaintiff has the better right; but if the defendant can show the matters set forth in its proposed amended answer, it may be that the defendant has the better right.

We do not hold that the defendant had the right, without notice and without leave, to file its answer of September 23d; but we think the circumstance that plaintiff's attorney received a copy without objection and without protest, negotiations for a settlement and compromise having been pending, might well have led defendant's attorneys to suppose the amended answer would be suffered to remain without objection. Not until after the trial had actually commenced (one witness having been examined) was this supposition dispelled; and at that time they found themselves engaged in a trial in which they could not

stand even-handed with their opponents. The object of judicial proceedings is to discover all the facts of a case and apply the law; and the theory of the Code is that the parties should each have reasonable opportunity to present his side of the case. We think the defendant has not had such opportunity in this case.

Judgment and order reversed and cause remanded, with directions to permit the defendant to file its amended answer.

MORRISON, C. J., and THORNTON, J., concurred.

Hearing in Bank denied.