## CARTER v. PAIGE.*

### No. 12,637; March 7, 1889.

20 Pac. 729.

Appeal—Review—Matters not Apparent of Record.—On appeal from a judgment on the judgment-roll alone, which shows that the judgment was entered on default of defendant to answer or demur to an amended complaint, the objection that the amended complaint was not filed within the time provided in the order allowing the amendment, and that it does not affirmatively appear that the time was extended, will not be considered, as the order allowing the amendment is no part of the judgment-roll.

Pleading.—The Fact That the Amended Complaint was Filed After the Time prescribed is an irregularity merely, and can be reviewed only on a motion to set aside the judgment, and on an appeal from the order denying the motion.

APPEAL from Superior Court, Stanislaus County; Charles H. Marks, Special Judge.

D. S. Terry for appellant; Stanton L. Carter for respondent.

McFARLAND, J.—Plaintiff had judgment in the court below. Defendant appeals from the judgment upon the judgment-roll alone.

The judgment-roll shows that, after defendant had answered the original complaint, an amended complaint was filed on the sixth day of June, 1887. There was no answer to the amended complaint. On July 23d—about forty-seven days after the filing of the amended complaint—the court rendered judgment for plaintiff. This judgment commences as follows: "In this action the defendant, Timothy Paige, having been regularly served with process, and having failed to appear and answer to the plaintiff's amended complaint filed herein on June 6, 1887, and served on defendant's counsel on June 2, 1887, and the legal time for answering or demurring to said amended complaint having expired, and no answer or demurrer having been filed to said amended complaint, the

---

*For subsequent opinion in bank, see 80 Cal. 390, 22 Pac. 188.

default of said defendant, Timothy Paige, in the premises, was duly entered herein according to law on the fifteenth day of July, 1887, upon demand of the plaintiff's attorney in writing filed herein.'' It then recites that plaintiff introduced evidence upon the matters alleged in the amended complaint; finds from the evidence that all the averments of the said amended complaint are true; and adjudges that plaintiff recover of defendant the sum of $10,500.

There is in the transcript filed by appellant what purports to be an order of the court made April 26, 1887, that ''the court grants plaintiff ten days in which to file an amended complaint, and the defendant ten days thereafter in which to file an answer to said amended complaint.'' The indorsement upon the amended complaint shows that it was not filed within the ten days. And the point (and the only point) made by appellant is that as the amended complaint was not filed within ten days, and as it does not affirmatively appear that there was an extension of time within which to file it, given either by the court or by stipulation of parties, therefore the filing of the amended complaint was unauthorized, and defendant could disregard it, the clerk had no right to enter a default, and the judgment was erroneous.

But, in the first place, on this appeal we can look only at the judgment-roll; and the order allowing the amended complaint is no part of it: Code Civ. Proc., sec. 670; Livermore v. Webb, 56 Cal. 489. The judgment-roll does not show want of jurisdiction, or error, or even irregularity. Whether a default was or was not entered by the clerk was immaterial; Montgomery v. Tutt, 11 Cal. 316.

Moreover, if we could consider the order allowing the amendment within ten days, the fact that the amended complaint was filed after that time would not render it a nullity. It would be, at most, only an irregularity; and it could be reviewed only upon a record made on a motion in the court below to set aside the judgment, and on an appeal from an order denying such motion: Bailey v. Sloan, 65 Cal. 387, 4 Pac. 349. See, also, Lower Kings etc. Co. v. Kings etc. Co., 67 Cal. 577, 8 Pac. 91.

It is unnecessary to consider respondent's objections that the transcript is not properly certified and authenticated, and that it does not contain the whole judgment-roll.

Judgment affirmed.

We concur: Works, J.; Sharpstein, J.; Thornton, J.; Paterson, J.