[No. 12678.  In Bank. — November 26, 1890.]

# WILLIAM GREENBAUM, RESPONDENT, v. DENESIO MARTINEZ ET AL., APPELLANTS.

JURISDICTION OF SUPERIOR COURT — TROVER — PLEADING — AD DAMNUM CLAUSE OF COMPLAINT — ITEMS OF DAMAGE. — The *ad damnum* clause of a complaint in an action for damages constitutes the test of jurisdiction; and where the whole amount of unliquidated damages, exclusive of interest, claimed in a complaint for the wrongful conversion of wheat equals or exceeds three hundred dollars, the superior court has jurisdiction of the action, although the value of the wheat converted, and the money expended in pursuit of it, separately considered, do not either of them equal the jurisdictional sum.

ID. — DAMAGES FOR CONVERSION OF PROPERTY — ATTORNEY'S FEES — CONSTRUCTION OF PLEADING — SURPLUSAGE. — In an action for the wrongful conversion of personal property, where the plaintiff seeks to recover the sum of $262.84, alleged to be the value of the property converted, and also the further sum of $100, alleged to have been expended for attorney's fees in the pursuit of the property, although money paid out for attorney's fees may not be within the rule of damages declared in section 3336 of the Civil Code, yet the words "attorney's fees" may be treated as surplusage, leaving an allegation of the expenditure of the stated amount in pursuit of the property, which, together with the value of the property, would bring the whole sum demanded within the sum required to give the superior court jurisdiction.

ID. — RECOVERY OF LESS THAN JURISDICTIONAL SUM — COSTS. — When the amount claimed in the complaint is sufficient to confer jurisdiction, the fact that the recovery is for less than the jurisdictional sum cannot affect the question of jurisdiction, but can only affect the recovery of costs.

SALE — PASSING TITLE — IDENTIFICATION — SEGREGATION. — Under section 1140 of the Civil Code, the title to personal property sold or exchanged passes to the buyer whenever the parties agree to a present transfer, and the thing itself is identified, whether it is separated from other things or not.

ID. — SALE OF WHEAT — DELIVERY AT WAREHOUSE — CERTIFICATE OF WEIGHT — ATTACHMENT. — When a bill of sale was given of a definite number of sacks of wheat, which were to be paid for at so much per cental, and a portion of them were then in a warehouse, for which certificates of weight had been issued to the seller, and which were then transferred to the buyer, and it was agreed that the remainder of the wheat should be delivered at the same warehouse for the buyer, and should be paid for when the buyer was notified of its exact weight, it sufficiently appears that the parties intended a transfer of the whole number of sacks of wheat at the time of the sale, which were then sufficiently identified, and the remainder of the wheat cannot be attached as the property of the seller, after being delivered at the warehouse and weighed, though certificates of weight were issued in the name of the seller, and were not transferred to the buyer until after the attachment.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*Geil & Morehouse*, for Appellants.

*W. H. Webb*, and *F. Sherwood*, for Respondent.

GIBSON, C. — Action against defendant Martinez as constable, and the sureties on his official bond, to recover, as damages, the sum of $262.84, the value of 160 sacks of wheat, alleged to have been wrongfully taken and converted by Martinez, as constable, under a writ of attachment issued in an action prosecuted in a court of a justice of the peace, and, also, the further sum of $100, alleged to have been expended for an attorney's fee in the pursuit of the wheat. Trial was had before the court without a jury, and resulted in certain findings, — among others, that the wheat was taken as alleged, and was of the value of $256.08, and that plaintiff had not properly expended the sum demanded by him for an attorney's fee. Judgment was entered in accordance with the findings. Defendants appeal from the judgment, and from an order denying their motion for a new trial. There is no brief for the respondent on file.

The first error appellants assign is, that the court erred in overruling their demurrer to the complaint, in which they attacked the jurisdiction of the court over the subject-matter of the action, on the ground that the value of the property sought to be recovered was below the jurisdictional sum of three hundred dollars, and could not be brought up to or above the latter sum by tacking on a demand for an attorney's fee. The complaint plainly discloses that the object of the action is to recover damages for the wrongful conversion of the wheat, which damages are alleged to consist of two elements,

namely, the value of the wheat and money expended in pursuit of it. In order to give the superior court jurisdiction of the subject-matter of an action of this kind for unliquidated damages, the demand, exclusive of interest, that may be claimed under section 3336 of the Civil Code must amount to at least three hundred dollars. (Const. Cal., art. 6, sec. 5; Code Civ. Proc., sec. 76, subd. 3.)

It is therefore true, as urged by appellants, that the amount claimed here, to the extent of the value of the wheat alone, would not give the superior court jurisdiction, but to this is added the sum of one hundred dollars expended in pursuit of the property, as an additional cause of damages, thereby making the whole sum claimed in the *ad damnum* clause of the complaint amount to $362.84; and that clause, according to the settled rule in this state, constitutes the test of jurisdiction. (*Dashiell* v. *Slingerland,* 60 Cal. 653; *Bailey* v. *Sloan,* 65 Cal. 387; *Lord* v. *Goldberg,* 81 Cal. 599.)

It may be said that the true amount of the demand, exclusive of interest, if any, may sometimes be increased in a complaint for the purpose of bringing the case within the jurisdiction of the superior court. While this may occur, yet the inevitable consequence of not being able to recover the jurisdictional sum, so as to carry costs under section 1022 of the Code of Civil Procedure, will, we apprehend, be sufficient to prevent such a practice from becoming common; and the saving of costs will compensate the defendants in the rare instances in which they may be first brought into the superior instead of the justice's court.

Both of the causes of detriment complained of here are within the measure of damages applicable to cases of this kind, which is provided for in section 3336 of the Civil Code, as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be,—1. The value of the property at the time of the con-

version, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property."

In *McDonald* v. *McConkey*, 57 Cal. 325, which was an action like the present one, for damages for the wrongful conversion of personal property, it is strongly intimated that money paid out for attorney's fees in pursuit of the property is not within the rule of damages declared in the above section. This is the language there used by the court: "The allegation of damages in each count of the complaint, with the exception of the words ' attorney's fees,' is in the words of section 3336 of the Civil Code. The words ' attorney's fees ' may be rejected as surplusage. The evidence is not before us, and it cannot be assumed that the jury included attorney's fees in their verdict." Whether the intimation in that case is well founded or not, we are not called upon to determine, as the same reasoning applied therein will dispose of the point under consideration here.

The allegation of the complaint here in respect to the expenditure of an attorney's fee is as follows: "That plaintiff has properly and necessarily expended the sum of one hundred ($100) dollars, gold coin, for attorney's fee in pursuit of said property." Now, by treating the words " for attorney's fee " as surplusage, we have a sufficient allegation of the fact that plaintiff necessarily and properly expended one hundred dollars in pursuit of the property, and within the proper measure of damages, which, in addition to the amount of the other damages claimed, brings the whole amount demanded within the sum of which the superior court has jurisdiction.

A similar course was pursued in *Howard* v. *Valentine*, 20 Cal. 282. That was an action first brought in the jus-

tice's court under the forcible entry and detainer act
for the restitution of certain premises, and five hundred
dollars back rent for the same.   The sum demanded was
in excess of that which a justice's court could render
judgment for in any action upon contracts, or for torts,
except for damages for the unlawful detention of real
property.   The complaint was demurred to for want of
jurisdiction, and overruled.  The county court, to which
the case was subsequently appealed, sustained the objec-
tion to the jurisdiction, and dismissed the action.  Upon
an appeal from the latter court to this court, it was ruled
that the action of the county court was erroneous, be-
cause the objection only went to a part of the relief
sought, and, although under the act mentioned rents
that had accrued prior to the unlawful detention of the
property were not recoverable in an action under said
act, but only such rents, regardless of the amount, that
had accrued during the unlawful detention, the court
should either have excluded the objectionable matter
and directed an amendment, or disregarded it.   We are
therefore of the opinion that the same objection raised by
the demurrer in the present case was properly overruled.

The appellants' remaining contention is, that the prop-
erty attached had not been delivered to the respondent
by the defendant in the attachment suit when the ap-
pellant Martinez levied upon it by virtue of a writ of
attachment regularly issued in that suit.  The Civil Code
provides: "The title to personal property, sold or ex-
changed, passes to the buyer whenever the parties agree
upon a present transfer, and the thing itself is identi-
fied, whether it is separated from other things or not."
(Sec. 1140.)   The respondent, it appears, on October 4,
1886, purchased of Hartman, the defendant in the at-
tachment suit, according to samples, 250 sacks of wheat
at the rate of $1.07 per cental, taking therefor a bill of
sale, and paid $250 as part payment, and agreed to pay
the remainder when Hartman should notify him of the

exact weight of the wheat.   A portion of the wheat at the time of the sale was in a warehouse, for which certificates of weight had been issued to Hartman, who at the time of the sale transferred them to the respondent, and at the same time agreed to deliver the remainder of the wheat at the same warehouse for the respondent. On the 9th of the same month, he delivered the remainder of the wheat at the warehouse, and had it weighed and certificates of such weight issued to him in the name of Hartman & Co.   Just after the last portion of this lot of wheat had been put in the warehouse, the appellant Martinez appeared, and asked the warehouseman in whose name it was stored, and was informed that it was in the name of Hartman & Co.   He thereupon levied an attachment upon 160 sacks of the wheat, and subsequently sold them.   Before making the levy, he was told by the teamster who hauled the wheat to the warehouse that it belonged to the respondent here. Hartman went, immediately after the levy was made, to the respondent, and transferred the certificates of weight to him, in accordance with the terms of the previous sale.   Hartman testified that, in addition to the $250 received at the time of the sale, he got, as part payment of the wheat, thirty-four tons of hay and some lumber.

There does not seem to be any material conflict in the testimony from which the foregoing facts are deduced. It is not shown, and neither can it be inferred from the evidence, that the respondent made any effort to defraud any of Hartman's creditors, or had any knowledge of his indebtedness to others, at the time of the sale.   We think it evident, from the foregoing state of facts, that the parties agreed upon and intended a present transfer of the wheat at the time of the sale, and that the same, which consisted of 250 sacks, was at the same time identified.   The court below was therefore justified in finding that the title to the wheat had passed to the respondent prior to the attachment levy.

The judgment and order appealed from should therefore be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

PATERSON, J., dissented.