## LORD v. THOMAS.

### No. 14,336; August 1, 1891.

27 Pac. 410.

**Unlawful Detainer—Jurisdiction of Superior Court.**—In an action by a landlord against his tenant for $183 rent due under a lease, and, as a second cause of action, for the restitution of the same premises, which were alleged to have been unlawfully detained after the expiration of a subsequent lease thereof, with damages for such unlawful detention, judgment was rendered for the rent demanded ($183), but restitution of the premises was denied. Held, that the superior court had jurisdiction to render the judgment in question, though it was for less than the jurisdictional amount ($300) of such court, since the relief demanded in prayer of judgment was within the jurisdiction of the court. Following Bailey v. Sloan, 65 Cal. 387, 4 Pac. 349.

APPEAL from Superior Court, Stanislaus County; William O. Minor, Judge.

Action by William J. Lord against Stephen Thomas for unlawful detainer and for rent. Judgment was rendered for plaintiff for $183, but restitution of the premises was denied. Defendant appeals. Affirmed.

The complaint alleged for a first cause of action that "on or about the 11th day of May, 1887, plaintiff's predecessor of the lands and premises hereinafter described had leased, demised, and let the same unto said defendant at the monthly rental of $9 per month, for each and every month, to be paid monthly; under which lease said defendant was holding said premises when this plaintiff became the owner of and seised in fee of the same on the 28th day of April, 1888, when said lease, by the mutual consent of plaintiff and defendant, was continued from month to month at the said rental up to the 20th day of January, A. D. 1890. That there is now due plaintiff from defendant, on account of said lease, the sum of one hundred and eighty-three dollars. That defendant has not paid the same. That the land and premises herein referred to are situate in the county of Stanislaus, state of California, and described as follows, to wit: Commencing at

the N. W. corner of the N. E. quarter of sec. No. 33, T. No. 3 S., R. No. 10 E., Mt. D. M.; thence east 417½ feet; thence at right angles south 208½ feet; thence at right angles west 417½ feet; thence at right angles north 208½ feet, to place of beginning,—containing two acres of land." For another and separate cause of action against defendant, and in favor of plaintiff, the complaint alleged that "on or about the 20th day of January, A. D. 1890, the said plaintiff, by written lease made on or about the said day at the said county of Stanislaus, leased, demised, and let to the said Stephen Thomas, of the said county of Stanislaus, the premises situate, lying, and being in the said county of Stanislaus, state of California, and described as follows, to wit: Commencing at the N. W. corner of the N. E. quarter of section No. 33, township No. 3 south, range No. 10 east, Mt. D. M.; thence east 417½ feet; thence at right angles south 208½ feet; thence at right angles west 417½ feet; thence at right angles north 208½ feet, to place of beginning,—containing two acres of land. To have and to hold the said premises to the defendant for the term of three months from the 20th day of January, A. D. 1890, at the monthly rent of ten dollars, payable in equal monthly installments in advance. That by virtue of said lease said defendant Stephen Thomas went into possession of said premises, and still continues to hold and occupy the same. That the term for which said premises were demised as aforesaid terminated on the 20th day of April, 1890, and that the said defendant holds over and continues in possession of said demised premises without the permission of the said plaintiff, and contrary to the terms of said lease. That the said plaintiff since the expiration of the term for which said premises were demised, to wit, on the 22d day of April, 1890, made demand in writing of the said defendant to deliver up and surrender to him or his agent, Joseph Lord, the possession of said premises. That more than thirty days have elapsed since the making of said demand, and the defendant has refused and neglected for the period of thirty days after said demand to quit the possession of said demanded premises, and still does refuse. That the monthly value of the rents and profits of the said premises is the sum of ten dollars." The prayer of the complaint was as follows: "Wherefore the said plain-

tiff prays judgment for the sum of $183 for the restitution of said premises, and for damages for the rents and profits of said premises, and that such damages may be trebled as damages for the occupation and unlawful detention and holding over of the same, amounting to the sum of $10 per month, besides costs of suit.'' Judgment by default for the relief asked was set aside on defendant's motion, with leave to defendant to file an answer, and, after trial by the court, judgment was rendered as above stated.

P. J. Hazen for appellant; T. A. Caldwell and Stonesifer & Minor for respondent.

PER CURIAM.—This case cannot be distinguished in principle from that of Bailey v. Sloan, 65 Cal. 387, 4 Pac. 349, and on the authority of that case the judgment must be affirmed.

---

# HOME OF CARE OF INEBRIATES v. REIS, Treasurer.

## No. 13,741; August 6, 1891.

### 27 Pac. 310.

**Mandamus—Setting Aside Submission.**—Where, on an application for a writ of mandate against a city treasurer, the supreme court, after the cause is submitted, concludes that the constitutionality of certain acts must be determined, which questions have not been argued, the submission will be set aside, and an opportunity for argument thereof will be afforded.

APPLICATION for writ of mandate by the Home of the Care of the Inebriates against Reis, as treasurer of the city of San Francisco.

Tilden & Tilden for petitioner; John H. Dwist and George Flournoy, Jr., for respondent.

PER CURIAM.—This cause was submitted upon an argument which raised but a single question, viz., whether the act of the legislature, approved March 17, 1876, was repealed by