PATXOT, APPELLANT, *v.* NADAL ET AL., RESPONDENTS.

APPEAL from the District Court of Mayagüez.

No. 958.—Decided April 11, 1913.

AMENDED COMPLAINT—FORWARDING PLEADINGS BY MAIL—COMPUTATION OF TIME.—
The period of twenty days granted the appellant within which to file his amended complaint should be computed from the day after the order granting the same, and the said complaint must be deemed to have been filed on the day it was received by the secretary and not on the day it was deposited in the mail.

ID.—FILING PLEADINGS.—Sections 321 and 322 of the Code of Civil Procedure are not applicable to the filing of an amended complaint.

ID.—FILING PLEADINGS AFTER EXPIRATION OF TIME GRANTED—DISCRETION.—Allowing the filing of an amended pleading after the expiration of the time granted therefor lies within the discretion of the court.

JUDGMENT OF DISMISSAL—ABUSE OF DISCRETION—FILING PLEADINGS AFTER EXPIRATION OF TIME GRANTED.—A judgment dismissing a complaint for failure to file in time will not be reversed unless an abuse of discretion is shown.

ID.—FILING AMENDED COMPLAINT—ABUSE OF DISCRETION.—Held that the trial court did not commit an abuse of discretion in rendering judgment dismissing the complaint because it was filed two days after the expiration of the period of twenty days granted the plaintiff for that purpose, especially as no satisfactory excuse was given for not filing the complaint in time.

The facts are stated in the opinion.

*Mr Rafael López Landrón* for appellant.

*Mr. José de Diego* for respondent Salvador Nadal.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Mayagüez, on October 30, 1912, after sustaining a demurrer on the ground that the complaint was ambiguous, granted the complainant and appellant twenty days to amend his complaint. On November 21, 1912, the secretary of the district court received by mail an amended complaint, so that such amended complaint was received by the secretary twenty-two instead of twenty days after the

granting of leave to amend. The defendants moved to dismiss the action on the ground that the amended complaint was filed after the time limited by the order and the court granted the motion. Appellant urges that, as he had the right to notice, the time only began to run from October 31, and that as the amended complaint was deposited in the mail on the twentieth day thereafter, namely, November 20, that he was within the time limited. No notice of the original order on demurrer was required by the law and hence the time of twenty days, which was more than enough, began to run from October 30. Furthermore, putting an amended pleading in the mail is not a sufficient compliance with the law. The pleading should have been in the hands of the secretary on or before the twentieth day. Sections 321 and 322 of the Code of Civil Procedure have no application, as they only extend the time for notices or the service of papers. The filing of a pleading in court is not such a service. The sections might perhaps be applicable if the service of copies of pleadings on attorneys or parties were involved.

Following the California and other jurisprudence in this and similar matters the question whether an amendment or a pleading may be filed after the time limited by the court is a matter within the discretion of the court. *Bowers* v. *Dickerson,* 18 Cal., 420; *Carter* v. *Paige,* 20 Pac., 729; *Barling* v. *Weeks,* 4 Cal. App., 456, 31 Cyc., 354, 355. And a judgment dismissing the complaint for failure to file in time will not be reversed unless an abuse of discretion is shown. Here the appellant alleged no abuse of discretion but maintained that he was strictly within his rights. We have examined the record and we cannot say that the court committed an abuse of discretion inasmuch as complainant was allowed twenty days to amend and did not do so, especially as the original complaint is not before us and no satisfactory excuse for not filing the complaint in time is given. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.