TURNER, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL COUNCIL OF SAN JUAN, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action to Annul the Forfeiture of a Bond and for Damages.

No. 1461.—Decided July 28, 1916.

JURISDICTION—DAMAGES—DEPOSIT—CONFISCATION OF DEPOSIT.—A district court has original jurisdiction of an action against a municipality for the recovery of one hundred dollars deposited to guarantee the fulfilment of a contract and confiscated after the contract had been rescinded by the said municipality, and for damages caused by the rescission which the plaintiff estimates in his complaint at two thousand dollars; and the mere fact that the only damages sought to be shown were too remote to be considered or that only nominal damages, if any at all, were proved in excess of the one hundred dollars confiscated, cannot serve as a ground for a judgment dismissing an action for lack of jurisdiction.

The facts are stated in the opinion.

*Messrs. Jacinto Texidor* and *Rafael Martínez Alvarez* for the appellant.

*Mr. Ramón Falcón* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court, after this case had been tried and submitted by briefs on the merits, dismissed the action for want of jurisdiction for the reasons stated in a written opinion as follows:

"This is an action wherein John M. Turner alleges that he entered into a contract with the Municipal Council of San Juan; that he complied with all the requirements thereof, and that the

defendant, at a session held on December 7, 1914, adopted a resolution to rescind the contract made with the said complainant for the supply of hay and to confiscate the guaranty of one hundred dollars which had been previously deposited by said complainant with the municipality, it being made to appear in the said resolution that complainant refused to continue complying with the contract.

"It is alleged by Turner that by adopting this resolution the council has caused him to lose the one hundred dollars deposited by him as a guaranty, and has caused him grave damages in his good commercial reputation in stating in a public document that the plaintiff refused to comply with a commercial contract. The complainant estimates the damages suffered by him at two thousand dollars. In the prayer of the complaint plaintiff Turner claims the one hundred dollars confiscated by the municipal council and the sum of two thousand dollars as damages. The only evidence in the record which may be considered an attempt to prove the damages is the testimony of Planas, a representative of the complainant. He testified that after a conversation with the mayor of the city of San Juan concerning the possibility of future contracts, the said mayor told him that no other contracts would be made with Turner because he had failed to comply with the contract between him and the municipal council. It is alleged that Turner was compelled to refrain from presenting bids for contracts such as the one under consideration, which paid him a good profit and which he could have carried out because he was in a position to comply with them. This evidence cannot be taken into consideration, as the case refers to contracts made at public auction and it is impossible to show that Turner would have obtained the privilege. Apart from this, it was not shown that the municipality had entered into any contract for which the complainant did not bid for the reason stated. So that the complainant has not only failed to prove the damages alleged, but also it has been shown that such damages are purely imaginary because they are not susceptible of proof. These conclusions having been reached, it is shown that this action is limited to a claim from the defendant of the sum of one hundred dollars.

"Now, in view of the absence of evidence with respect to the damages alleged, has the court original jurisdiction of this action? We think not. In accordance with jurisprudence, jurisdiction is generally controlled by the amount involved and this jurisdictional amount is determined by the sum prayed for in the complaint. It is held by some courts that a superior court acquires original juris-

diction of the subject-matter when the prayer of the complaint is for a sum sufficient to determine the jurisdiction, although it subsequently appears that the real amount of the subject-matter is less than that required by the law to give original jurisdiction, if there is no proof that complainant acted in bad faith. In case of any doubt as to jurisdiction, the question should be decided in favor of the complainant. We agree with this last view, but think that in cases where the question is clearly presented and there is no doubt of any kind, the court is bound to declare itself without jurisdiction in order to avoid that a party may decide for himself, without consideration of the provisions of law, the court where he is to institute his action. We think this is a sound, just and reasonable doctrine. To hold otherwise would be equivalent to saying that the exclusive jurisdiction of the municipal court is illusory, inasmuch as the parties might bring all their actions in the district courts originally, fixing arbitrarily the subject-matter at a sum of more than five hundred dollars. Some courts hold that the defendant should allege, so as to make it form a part of the issue, that the plaintiff fixed a capricious value to the subject-matter so as to give jurisdiction to the court, and that in the absence of this allegation the jurisdictional question must be decided in favor of the complainant. The Supreme Court of California takes a contrary view of the matter and we think this is the most sound and acceptable doctrine. The Supreme Court of Porto Rico has held that when the amount claimed in a civil action does not exceed five hundred dollars, original jurisdiction is exclusively in the municipal court and the appellate jurisdiction in the district court. *González* v. *Pirazzi*, 16 P. R. R. 7, reaffirmed in a subsequent decision. The Supreme Court of California said in the case of *Lehnhardt* v. *Jennings*, 119 Cal. 192, that the prayer of a complaint is not conclusive of the jurisdiction of the superior court, if it appears from the face of the record that the amount of the matter in dispute within the jurisdiction of the court is imaginary and not real. We accept this doctrine but are of the opinion that in view of the evidence introduced it has been clearly shown that in this case the court has no jurisdiction, and, therefore, the complaint is dismissed without special imposition of costs.''

The general rule governing such matters is briefly stated in Brown on Jurisdiction (2d ed.), section 196, page 98, as follows:

"In money demands arising on contract or in tort, the *ad damnum* clause should govern. When there are several counts in the petition the prayer for judgment, or the gross sum stated as claimed in each count, should govern. There are cases where the finding of the jury or court that the amount due is less than the amount claimed, the action must be dismissed, but the rule generally is that a recovery for a less sum does not oust the jurisdiction."

To the same general effect is the result gathered from leading cases as summed up quite recently in. 7 R. C. L., p. 1052, sec. 88, thus:

"It is almost universally maintained that the amount claimed by the plaintiff in the *ad damnum* clause of his declaration, petition, or complaint, or that named in the summons, determines the question of the jurisdiction of a court to entertain an original proceeding. and not the value of the property involved in the controversy, as established by the evidence at the trial, nor the amount found by the jury or finally recovered. This rule is equally applicable to actions commenced in the inferior or superior courts, at law or in equity, in actions *ex contractu* or *ex delicto*. If the sum demanded in the complaint is sufficient to confer jurisdiction its reduction below that amount by set-offs will not deprive the court of jurisdiction. Likewise where the plaintiff in good faith claims an amount sufficient to give the court jurisdiction, but by an unintentional error discovered at the trial the claim is reduced below the jurisdictional limit, the case should not be dismissed. It is sometimes provided that where an action is commenced for a greater sum than is due, with intent to evade the law as to the jurisdiction of the court, and by the verdict of a jury it is ascertained that a sum is due below the jurisdiction of the court, the action must be dismissed unless the plaintiff makes an affidavit that the sum for which the suit is brought is really due, but for want of proof he cannot make recovery for the full amount. It is now the settled law, that although the amount claimed in a complaint may be sufficient to give the court jurisdiction of the case, yet if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for, as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. Likewise where the pleadings claim an amount in excess of the jurisdiction of the court the case should be dismissed; but the fact that the proof shows that the value of the things sued for or the amount of the damages is in excess of the

jurisdictional limit does not deprive the court of jurisdiction if the plaintiff's demand is within the limit, as the jury cannot render a verdict in excess of the sum demanded. It has been held, however, that where jurisdiction is made to depend on the debt or damage claimed, the amount recovered determines the jurisdiction of the court in actions *ex contractu,* while in actions *ex delicto* it is the amount actually claimed in the pleadings. In some instances in case the amount recovered is less than a certain sum the court may adjudge costs against the plaintiff, which operates practically to limit the jurisdiction of the court to the amount stated. A very proper limitation to the rule that the amount demanded is the test of jurisdiction is that the demand must be made in good faith, and if it appears that the plaintiff fraudulently demanded a sum sufficient to give the court jurisdiction the case should be dismissed. This rule is true although the amount of the recovery depends on the value of property, which in a large measure must rest on opinion.''

The uniform doctrine of the California Supreme Court may be traced in the following cases: *Derby* v. *Stevens,* 64 Cal. 287; *Bailey* v. *Sloan,* 65 Cal. 387; *Lord* v. *Goldberg,* 81 Cal. 596; *Greenbaum* v. *Martinez,* 86 Cal. 459; *Rodey* v. *Curry,* 120 Cal. 541.

The case of *Lehnhardt* v. *Jennings,* 119 Cal. 192, cited by the court below, even if it can be regarded as in anywise an exception, which seems more than doubtful, only serves to emphasize the rule. It is carefully distinguished from all previous cases in the opinion itself by express reiteration and reaffirmance of the general rule, together with a clear and specific statement of the very peculiar circumstances involved therein, as follows (italics ours):

''In our opinion, the record discloses no cause of action of which the superior court has original jurisdiction. In order that jurisdiction may be exercised by that court in an action at law for the recovery of money only, the constitution requires that the demand in suit shall amount to three hundred dollars. (Const., art. 6, sec. 5.) *It is well settled that in such actions the amount sued for determines the jurisdiction of the court.* But in the cases pertaining to the subject an actual dispute concerning an amount within

the jurisdiction of the court to consider appeared *prima facie* from the record (*Dashiell* v. *Slingerland,* 60 Cal. 653; *Bailey* v. *Sloan,* 65 Cal. 387; *Lord* v. *Goldberg,* 81 Cal. 596; 15 Am. St. Rep. 82, and others) ; and it has never been held that the prayer of the complaint should conclude the question of jurisdiction, *regardless of the allegations on which it is founded.* (See *Jackson* v. *Whartenby,* 5 Cal. 94.) In this case, there is *no semblance* of real controversy over any sum greater than that for which the court gave judgment. It is *alleged in the complaint* that the sheriff *demanded* two hundred dollars in addition to the specified fees for attaching the land; *but it is not stated upon what pretext he made such additional demand, nor wherein its illegality consisted, if it was illegal, nor that it was paid.* Both the contents and the omissions of the findings tend to confirm the inference that *the only substantial purpose of the statement relating to an additional demand of two hundred dollars by the sheriff is to give color to the prayer for a sum sufficient to authorize the court to take cognizance of the action.''*

Moreover, the case having been disposed of in department, "subsequently, on the petition of respondent, accompanied by a suggestion of diminution of the record and a certified copy of matter said to have been omitted therefrom, a hearing *en banc* was ordered by the court; not, as we understand, because the conclusion of the department was considered to be erroneous on the record as filed, but because this, when supplemented by said omitted matter, was deemed to show a case of which the court below had jurisdiction." Thus the judgment reversed "in department" for want of jurisdiction in the trial court, was affirmed *en banc* without questioning the soundness of the opinion rendered in department. Nor is it our purpose to question the same. The doctrine thereof is merely the same phase of the general rule more succinctly stated by the Texas Supreme Court, whose language is adopted and followed in R. C. L., *supra,* in *Carswell* v. *Habberzettle,* 122 Amer. St. Rep. 527 (italics ours) :

"It is now the settled law in this court, that although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if *the facts alleged* be such as to show no cause of action as to such part of the whole sum sued for, as to reduce it

below the amount for which the court has jurisdiction, the suit should be dismissed; *Western Union Tel. Co.* v. *Arnold,* 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.''

In the case at bar the trial judge did not find as did the California court that ''the only substantial purpose'' of the· *ad damnum* clause herein, or of any averment in support thereof, was ''to give color to the prayer for a sum sufficient to authorize the court to take cognizance of the action.'' Nor did the court below base its conclusions upon any allegation contained in the complaint tending to contradict or to show the absence of any real basis for the *ad damnum* clause. Indeed, there is no such inconsistency whatever to be found in the complaint which seeks to vacate an alleged tortuous *ultra vires* act of the municipal council and to recover damages claimed as a result thereof laid in the sum of two thousand dollars.

The mere fact that the only damages attempted to be proven are too remote to be considered, or that only nominal damages or none whatever in excess of the one hundred dollars confiscated by the municipality are shown, cannot sustain the judgment of dismissal.

As to whether or·not the circumstances of the case might be said to indicate a want of good faith or an attempted fraud on the jurisdiction of the court, in the total absence of any pleading making this question an issue in the case, we express no opinion, there being no specific finding by the trial judge in this regard.

The judgment appealed from must be

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.