TURNER, DEMANDANTE Y APELANTE, *v.* CONCEJO MUNICIPAL DE SAN JUAN, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de confiscación de fianza y daños y perjuicios.

No. 1461.—Resuelto en julio 28, 1916.

JURISDICCIÓN ORIGINAL—DAÑOS Y PERJUICIOS—DESESTIMACIÓN DE LA DEMANDA POR FALTA DE JURISDICCIÓN.—Tiene jurisdicción original un tribunal de distrito para conocer de una acción en que se reclama de un municipio una suma de cien dólares, que confiscara, prestada como fianza para garantir el cumplimiento de un contrato que dicho municipio rescindiera, y por daños y perjuicios causados por la rescisión que fija el demandante en su demanda en la cantidad de dos mil dólares, y el mero hecho de que los únicos daños que se trataron de probar fueron remotos para poder ser tomados en consideración o que solamente daños nominales o de ninguna clase fueron probados, que excedan de los cien dólares confiscados, no puede servir de base a una sentencia por la cual se desestima la demanda por falta de jurisdicción.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Jacinto Texidor* y *Rafael Martínez Alvarez*.

Abogado del apelado: Sr. *Ramón Falcón*.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La corte de distrito, después que este caso había sido juzgado y sometido por medio de alegatos sobre los méritos de la cuestión, desestimó la demanda por falta de jurisdicción, por las razones consignadas en una opinión que por escrito fué emitida por el juez de dicha corte, la cual es como sigue:

"La presente es una acción en la cual John M. Turner alega que celebró un contrato con el Concejo Municipal de San Juan, que cumplió con todos los requisitos de este contrato y que la parte demandada en sesión celebrada en 7 de diciembre de 1914 tomó el acuerdo de rescindir el contrato que con el demandante tenía para suministro de heno y confiscar la fianza de $100 que el demandante había previamente depositado en el municipio, haciendo constar en dicho

acuerdo que el demandante se negaba a seguir cumpliendo el contrato.

"Alega el Sr. Turner que el concejo al proceder a este acuerdo le ha ocasionado la pérdida de los cien dollars en que consistía la fianza por él prestada y le ha causado grave daño en su buena reputación comercial al consignar en un documento público el hecho de que el demandante se negaba a cumplir un contrato comercial. El demandante calcula el perjuicio sufrido en la suma de $2,000. En la súplica de la demanda reclama el Sr. Turner los cien dollars confiscados por el concejo municipal, y $2,000 en concepto de indemnización por los daños sufridos. Como única prueba en que pueda descubrirse una intención para probar los daños, únicamente obra en autos la declaración del Sr. Planas, representante de la parte actora. Sostiene este testigo que habiendo ido a hablar con el Alcalde de la ciudad de San Juan para tratar de la posibilidad de futuros contratos, el referido alcalde le manifestó que no se harían contratos con el Sr. Turner por haber éste dejado incumplido el contrato celebrado con el concejo municipal. Se alega que el Sr. Turner ha tenido que desistir de presentar proposiciones para contratos de la naturaleza del que nos ocupa, que dejaban una buena ganancia y los cuales hubiera podido llevar a cabo porque estaba en condiciones de cumplirlos. Esta prueba no puede tomarse en consideración por tratarse de contratos que se llevan a cabo, mediante una subasta pública, y es imposible demostrar que el Sr. Turner hubiese obtenido la buena pro. Aparte de esto, no se ha demostrado que el municipio hubiese llevado a cabo ningún contrato, al cual dejara de concurrir el demandante por las causas especificadas. De manera que no solamente ha dejado de probar la parte actora los daños y perjuicios alegados, sino que también ha quedado demostrado que estos daños son puramente imaginarios, porque no pueden ser objeto de prueba. Sentadas estas conclusiones, queda demostrado que la presente acción se limita a reclamar de la parte demandada la suma de cien dollars.

"Ahora bien, en vista de la ausencia de prueba con respecto a los daños y perjuicios alegados, ¿tiene esta corte jurisdicción para conocer originalmente de la presente acción? Opinamos que no. De acuerdo con la jurisprudencia, la jurisdicción generalmente se rige por la cuantía y esta cuantía jurisdiccional queda determinada por el montante exigido en la súplica de la demanda. Algunos tribunales sostienen que una corte superior adquiere jurisdicción original sobre la cosa litigiosa, cuando en la súplica aparece una cuan-

tía suficiente para determinar la jurisdicción, aunque después resulte que el verdadero montante de la cosa en litigio es menor que el que la ley requiere para la jurisdicción original, si no se prueba que el demandante procedió de mala fe. Cuando hay duda sobre la jurisdicción, la cuestión debe resolverse favorablemente al demandante. Nosotros estamos de acuerdo con este último criterio; pero entendemos que en aquellos casos en que la cuestión se presenta completamente clara, sin originar dudas de ninguna clase, la corte tiene el deber de declararse sin jurisdicción, para evitar que una parte pueda decidir por sí misma, sin parar mientes en las disposiciones de la ley, el tribunal a donde ha de llevar su caso. Esta nos parece una doctrina sana, justa y equitativa. Sostener lo contrario, equivaldría a sostener que es ilusoria la jurisdicción exclusiva de la corte municipal, puesto que las partes podrían traer originalmente todos sus pleitos a las cortes de distrito, fijando caprichosamente a la cosa en litigio una cuantía superior a quinientos dollars. Hay cortes que sostienen, que el demandado debe alegar, para que forme parte de las cuestiones controvertidas, que el demandante ha fijado un precio caprichoso a la cuestión litigiosa, para darle jurisdicción a la corte, y que en ausencia de esta alegación, debe resolverse en favor de la parte demandante la cuestión jurisdiccional. La Corte Suprema de California sostiene una doctrina contraria, y ésta es en nuestro concepto, la doctrina más sana y aceptable. El tribunal Supremo de Puerto Rico ha decidido que cuando la cuantía de lo reclamado en un procedimiento judicial civil no excede de quinientos dollars, la jurisdicción original corresponde exclusivamente a la corte municipal y la jurisdicción de apelación a la de distrito, habiendo sido esta decisión dictada en 17 de enero de 1910, en el caso de *González* v. *Pirazzi,* 16 D. P. R. página 7, y ratificada en decisión posterior. El Tribunal Supremo de California dice en el caso de *Lehnhardt* v. *Jennings,* 119 Cal. 192, que la súplica de una demanda no es conclusiva de la jurisdicción de la corte superior si el récord demuestra en su faz que la cuantía de la cosa litigiosa dentro de la competencia de la corte es imaginaria y no real. Nosotros aceptando esta doctrina entendemos que de acuerdo con la prueba practicada, se ha demostrado claramente que la corte no tiene jurisdicción en el presente caso y por estas razones, se desestima la demanda, sin especial condenación de costas.''

La regla general que regula tales cuestiones aparece bre-

vemente expresada en la obra Brown, sobre Jurisdicción, (2ª.
edición,) sección 19*b*, página 98, a saber:

"En reclamaciones de dinero originadas por virtud de contrato
o por daños y perjuicios que no provienen del incumplimiento de un
contrato (*torts*), la cláusula *ad damnum* debe regir. Cuando hay
varias alegaciones en la demanda, la súplica para que se dicte sen-
tencia, o la suma total expresada como ha sido reclamada en cada
alegación debe regular el caso. Existen casos en los cuales por ser
el veredicto del jurado o decisión de la corte que la suma debida es
menor de la que se reclama, la acción debe ser desestimada, pero la
regla es generalmente que el recobrar una suma menor no quita la
jurisdicción."

En el mismo sentido general es el resultado que se obtiene
al examinar los casos que constituyen autoridades en la mate-
ria, como han sido resumidos recientemente en el tomo 7 de
la obra *Ruling Case Law,* página 1052, sección 88, donde se
dice lo que sigue:

"Se ha sostenido casi universalmente que la suma reclamada
por el demandante en la cláusula *ad damnum* de su declaración, peti-
ción o demanda, o la especificada en el emplazamiento, es la que de-
termina la cuestión relativa a la jurisdicción de una corte para cono-
cer de un procedimiento original, y no el valor de la propiedad en-
vuelta en la controversia, como quedó establecido por la prueba en
el juicio, ni tampoco la cantidad que fué declarada probada por el
jurado, o que en definitiva sea cobrada. Esta regla es asimismo de
aplicación a las acciones que han sido comenzadas en las cortes infe-
riores o superiores, en ley o equidad, en acciones *ex contractu* o *ex
delicto.* Si la suma reclamada en la demanda es bastante para con-
ferir jurisdicción, su reducción a una cantidad inferior a dicha suma
mediante contrademandas, no privará a la corte de jurisdicción.
De igual manera cuando el demandante reclama de buena fe una
suma suficiente para dar jurisdicción a la corte, pero por un error
no intencional descubierto en el juicio queda reducida la reclamación
a menos del límite jurisdiccional, no debe ser desestimada la acción.
A veces se dispone que cuando se comienza una acción por una suma
mayor a la que se adeuda, con la intención de evadir la ley en cuanto
a la jurisdicción de la corte y por el veredicto del jurado queda deter-
minado que se adeuda una suma inferior a la que confiere jurisdic-

ción a la corte, la acción debe ser desestimada, a no ser que el deman-
dante manifieste bajo juramento (*affidavit*) que la suma por la cual
se ha establecido la acción en realidad se debe, pero que por falta
de prueba no puede el demandante obtener la totalidad de dicha suma.
Es ahora la ley bien establecida que aunque la suma reclamada en
una demanda pueda ser suficiente para dar jurisdicción a la corte
sobre el caso, sin embargo, si los hechos alegados son tales que no
demuestran causa de acción respecto a aquella parte de la suma total
por la cual se ha establecido la acción que la reduzcan a una suma
menor a aquella por la cual tiene jurisdicción la corte, la acción debe
ser desestimada.   De igual manera cuando en las alegaciones se reclama
una suma en exceso a la jurisdicción de la corte, debe ser desestimada
la acción, pero el hecho de que la prueba demuestre que el valor de
las cosas reclamadas o el importe de los daños excedan del límite
jurisdiccional, no priva a la corte de jurisdicción si la petición del
demandante está dentro del límite, puesto que el jurado no puede
emitir un veredicto en exceso de la suma reclamada.   Se ha resuelto,
sin embargo, que cuando se hace depender la jurisdicción de la deuda
o daño alegado, la suma recobrada determina la jurisdicción de la
corte en acciones *ex contractu*, mientras que en acciones *ex delicto*
es la suma realmente reclamada en las alegaciones.   En algunos casos
cuando la cantidad recobrada es menor de cierta cantidad, la corte
puede conceder costas contra el demandante, lo que prácticamente
produce el efecto de limitar la jurisdicción de la corte a la cantidad
especificada.   Una limitación muy adecuada a la regla de que la suma
que se reclama es el medio de probar la jurisdicción, es que la peti-
ción debe hacerse de buena fe y si aparece que el demandante exigió
fraudulentamente una suma suficiente para dar jurisdicción a la
corte la acción debe ser desestimada.   Esta regla es así aunque la
cuantía de la reclamación dependa del valor de la propiedad, lo que
en gran parte es materia de opinión.''

La doctrina uniforme de la Corte Suprema de Califor-
nia puede verse en los siguientes casos: *Derby* v. *Stevens,*
64 Cal. 287; *Bailey* v. *Sloan,* 65 Cal. 387; *Lord* v. *Goldberg,*
81 Cal. 596; *Greenbaum* v. *Martínez,* 86 Cal. 459; *Rodley* v.
*Curry,* 120 Cal. 541.

El caso de *Lehnhardt* v. *Jennings,* 119 Cal. 192, que ha sido
citado por la corte inferior, aun cuando pueda considerár-
sele como que en cierto modo constituye una excepción, lo

cual parece más que dudoso, sirve solamente para acentuar
más la regla. Se le ha diferenciado cuidadosamente de todos
los casos anteriores en la opinión misma en la cual se reitera
y confirma nuevamente la regla general, junto con la clara
y específica exposición que se hace de las circunstancias muy
peculiares que están envueltas en dicho caso, a saber (la bas-
tardilla es nuestra):

"En nuestra opinión los autos no revelan ninguna causa de acción
de la cual tenga jurisdicción originalmente la corte. Para que pueda
ejercitarse la jurisdicción por esa corte en una acción en ley en cobro
de dinero solamente, la constitución exige que la suma que se reclama
en la acción ascienda a la cantidad de trescientos dólares. (Const.
art. 6, sec. 5.) *Está bien establecido que en tales acciones la suma
reclamada determina la jurisdicción de la corte.* Pero en los casos
relativos a la materia de los autos aparecía *prima facie* una verda-
dera cuestión respecto a una suma comprendida en la jurisdicción
de la corte. (*Dashiell* v. *Slingerland,* 60 Cal. 653; *Bailey* v. *Sloan,*
65 Cal. 387; *Lord* v. *Goldberg,* 81 Cal. 596; 15 Am. Ct. Rep. 82, y
otros); y jamás se ha resuelto que la súplica de la demanda deba
resolver la cuestión de la jurisdicción, *sin tener en cuenta las alega-
ciones que le sirven de fundamento.* (Véase a *Jackson* v. *Whartenby,*
5 Cal. 94.) En este caso *no existe apariencia* de una verdadera con-
troversia en relación con una suma mayor a aquella por la cual dictó
la corte su sentencia. *Se alega en la demanda* que el márshal *exigió*
doscientos dólares además de los honorarios fijados por embargar
la propiedad; *pero no se dice qué razón tuvo para hacer dicha peti-
ción adicional,* ni en qué consistía su ilegalidad, si fué ilegal, ni que
fué satisfecha. Tanto el contenido como las omisiones que aparecen
en las conclusiones tienden a confirmar la inferencia de *que el único
propósito sustancial de la manifestación relativa a una petición adi-
cional de doscientos dólares hecha por el márshal es el de poder recla-
mar en súplica una suma suficiente que autorice a la corte a cono-
cer de la acción.*"

Además, habiendo sido resuelto el caso "en departa-
mento" (corte en California formada por tres jueces de la
Corte Suprema), "subsiguientemente y a virtud de la peti-
ción del apelado en la que sugería que existía cierta omisión
en los autos acompañada de una copia certificada de una ma-

teria que se alegó había sido omitida en los mismos, la corte ordenó la celebración de una vista ante el tribunal en pleno, no según entendemos por haberse considerado que la conclusión a que llegó el departamento estaba de acuerdo con los autos como fueron radicados, sino porque al ser éstos adicionados con dicha materia que se alega fué omitida se consideró que los referidos autos mostraban un caso sobre el cual tenía jurisdicción la corte inferior." Revocada de tal modo la sentencia "en departamento" por falta de jurisdicción de la corte sentenciadora fué confirmada ante el tribunal en pleno sin ser discutida la corrección de la opinión dictada "en departamento." Ni es nuestro propósito impugnarla. La doctrina sentada en dicha opinión presenta meramente el mismo aspecto que la regla general expuesta más sucintamente por la Corte Suprema de Texas, cuyo texto ha sido adoptado y observado en Ruling Case Law, *Supra,* en el caso de *Carswell* v. *Habberzettle,* 122 Am. St. Rep. 597, (bastardilla nuestra), a saber:

"Está ahora bien establecido por la ley en esta corte que aunque la cantidad que se reclama en la petición pueda ser suficiente para dar jurisdicción a la corte, sin embargo, *si fueren tales los hechos alegados* que no demuestren la existencia de una causa de acción en cuanto a aquella parte de toda la suma reclamada que quede reducida a una cantidad menor que aquella por la que la corte adquiere jurisdicción, debe ser desestimada la demanda. *Western Union Tel. Co.* v. *Arnold,* 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.  *  *  *."

En el presente caso el juez sentenciador no declaró probado como lo hizo la corte de California, que "el único objeto sustancial" de la cláusula *ad damnum* en este caso, o de cualquier alegación en apoyo de la misma, era el de "presentar un motivo para la súplica por una suma suficiente que autorice a la corte a conocer de la acción." Ni tampoco fundó la corte sentenciadora sus conclusiones en ninguna alegación de la demanda tendente a contradecir o demostrar la falta de verdadera base para la cláusula *ad damnum.* En verdad que no existe tal incompatibilidad en la demanda que trate

de invalidar un supuesto acto ilegal que está fuera de las facultades, (*ultra vires*), del concejo municipal, y de recobrar los daños y perjuicios que se alegan son consecuencia de dicho acto los cuales han sido fijados en la suma de $2,000.

El mero hecho de que los únicos daños que se trataron de probar son demasiado remotos para poder ser tomados en consideración o que solamente daños nominales o de ninguna clase han sido probados, que excedan de los cien dólares confiscados por el municipio, no puede servir de base a la sentencia por la cual se desestima la demanda.

Y en lo que respecta al hecho de si podría o no decirse que las circunstancias del caso indican falta de buena fe, o una tentativa de fraude sobre la jurisdicción de la corte, en ausencia absoluta de cualquier alegación que haga de esto una verdadera cuestión a discutir en el caso, no expresamos opinión sobre el particular, no habiendo llegado el juez sentenciador a una conclusión categórica en cuanto a este particular.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada debiendo devolverse el caso para ulteriores procedimientos no incompatibles con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.