THE UNION DIME SAVINGS INSTITUTION, Respondent, *v.* WILLIAM E. ANDARIESE, Appellant.

A judgment of foreclosure directing the sale of mortgaged premises by the sheriff is a "mandate" in his hands within the meaning of the provision of the Code of Civil Procedure prescribing the duties of an outgoing sheriff (§ 184, sub. 4), and an advertisement of the premises for sale is a "seizure" within said provision.

Where, therefore, a sheriff of the county of Kings had, prior to the expiration of his term of office, under such a judgment, advertised premises for sale upon a day after his term had expired, *held,* that he had authority and was bound to proceed with and complete the sale.

(Argued December 2, 1880; decided December 14, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of plaintiff, rendered December 8, 1879, upon a case submitted under section 1279 of the Code of Civil Procedure. (Reported below, 19 Hun, 310.)

The substance of the facts stated is as follows :

In actions brought by plaintiff to foreclose mortgages upon lands situate in the county of Kings, judgments of foreclosure and sale were perfected December 18, 1878; by the judgments the sales were directed to be made by the sheriff of said county. The then sheriff, whose term of office expired December 31, 1879, on the day the judgments were perfected, advertised the lands for sale thereunder on the 10th day of January, 1879, and on that day sold them, the plaintiff becoming the purchaser. On May 27, 1879, the parties entered into a contract by which plaintiff agreed to sell and convey and defendant to purchase said lands. Defendant refused to perform the contract upon the ground that plaintiff was not seized of and could not convey a good title for the reason that the person making the sale was not, at the time, sheriff of the county of Kings and had no power to sell.

*Joseph A. Burr, Jr.,* for appellant. The sheriff had no power to complete the sale after the expiration of his term of office. (1 Rev. Laws, p. 490, § 11; 2 N. Y. Stat. at Large [Edmunds' ed.], p. 200, § 157; Laws of 1840, chap. 38, § 1; Laws of 1847, chap. 280, § 77; Code, § 287; Laws of 1877, chap. 417, §§ 4, 21; Code of Civil Proc., § 1242; id., §§ 183, 184; Laws of 1876, chap. 449, § 2; Throop's Code, § 184, note.) No levy or seizure had been made by him. (Bouvier's Law Dict., tit. "Levy;" *Wood* v. *Colvin,* 5 Hill, 228; *Colt* v. *Phœnix Ins. Co.,* 54 N. Y. 595; *Kent* v. *Roberts,* 2 Story's C. C. 592; *Hall* v. *Crocker,* 3 Metc. 245; *Fitch* v. *Tyler,* 34 Me. 463; *Rodgers* v. *Bonner,* 45 N. Y. 379.) The sale cannot be sustained as a sale by Albert Daggett, as referee. (*Kerrigan* v. *Force,* 68 N. Y. 381.)

*Wm. Henry Arnoux* for respondent. The sheriff had the same right to sell after expiration of his term of office that he had under the Revised Statutes. (Laws 1876, chap. 439, p. 467; 3 R. S. [6th ed.] 723, 724; Code of Civil Procedure, §§ 184, subd. 4, 186; *Wood* v. *Colvin,* 5 Hill, 228; *Newman* v. *Beck-*

*with,* 61 N. Y. 205 ; Crocker on Sheriffs, § 6.) The judgment of foreclosure and sale was a mandate in the hands of the sheriff. (2 Bouvier's Law Dict. 108 ; 2 Jacobs' Law Dict., tit. Mandate; chap. 449, § 2, ¶ 2, Laws of 1876 ; Bliss' Code, 903.) Taking proceedings under a judgment in equity against real property is a seizure in the eye of the law. (*Rodgers* v. *Bonner,* 45 N. Y. 379 ; *Burckhardt* v. *McClellan,* 15 Abb. 243, note, Ct. of App.; *Perrin* v. *Everitt,* 13 Mass. 128 ; *Grosley* v. *Allen,* 5 Greenl. 455; *Taylor* v. *Mixter,* 11 Pick. 341.) Giving notice of the sale required by the statute is sufficient and is the seizure and levy. (*Rodgers* v. *Bonner,* 45 N. Y. 379 ; Crocker on Sheriffs [2d ed.], § 500; *Wood* v. *Colvin,* 5 Hill, 228 ; *Hall* v. *Crocker,* 3. Metc. 245, 250 ; *Fitch* v. *Tyler,* 34 Me. 463 ; 4 Wait's Pr. 50.)

Miller, J. By the Code of Procedure (§ 287) it was declared that real property adjudged to be sold must be sold in the county where it lies, by the sheriff, or by a referee appointed by the court for that purpose. By chapter 439, Laws of 1876, it was enacted that all sales of lands made in the county of Kings under a judgment or decree of any court, except in the cases enumerated, shall be made by the sheriff of said county. The new Code (Title IV) makes provisions in regard to the duties and liabilities of an incoming and an outgoing sheriff; and it is declared that within ten days after the service of a certificate upon the sheriff whose term is about to expire, he must deliver to his successor " all mandates then in his hands, except such as he has fully executed or has begun to execute by the collection of money thereon, or by a seizure of, or levy on money or other property in pursuance thereof " (see § 184, subd. 4), but " must proceed with and complete the execution of such mandate which he has begun to execute " (§ 186). The sheriff advertised the real estate described in three decrees made upon the foreclosure of mortgages to be sold on the 10th day of January, 1879, and sold the same accordingly. The certificate provided for by the Code was delivered to him before the sale, and the question to be determined is, whether,

under the provision cited, he had lawful authority to sell. We think that there was a seizure of the real estate within section 184, which authorizes him to make the sale, and the decrees in question were mandates in his hands, according to the provisions of section 2 of chapter 449, Laws of 1876, under and by virtue of which he had advertised the real estate for sale. He had thus obtained control over the property for the purpose of a sale. No formal levy is necessary in selling land under an execution or order of the court, and the right of the officer to make the sale becomes perfect upon the delivery of the execution. It is then seized for the purpose of enforcing the judgment or decree. The same rule applies, we think, upon a foreclosure decree. By the advertisement the seizure became complete and rendered the property subject to the decree. In case of an attachment, it was held that to constitute a levy upon real estate, nothing more is required to be done by the officer than some act with intent to make the property liable to the process, and that this will constitute a seizure and create a lien against the debtor. (*Rodgers* v. *Bonner*, 45 N. Y. 379.) The same rule, we think, applies here; and within the provisions cited, a seizure had been made under the mandate or the decree of the court, and the sheriff had authority and was bound to complete the sale. This construction is, we think, in accordance with the intention of the legislature; for were it otherwise, the sheriff, who was by statute authorized to make the sale, would have no authority to complete it, while a referee appointed would have full power for that purpose. This clearly never could have been intended.

We have given due weight to the various points and suggestions made by the appellant's counsel, but we think that none of them are sufficient to authorize a reversal of the judgment and that it must be affirmed.

All concur except RAPALLO, J., absent.

Judgment affirmed.