## No. 9148.

### MRS. M. T. PIPKIN AND HUSBAND VS. THE SHERIFF ET ALS.

The assignee, as a general rule, can acquire no greater rights than his assignor, and is bound by estoppels which were binding on the latter.

Where property is leased or rented the Code of Practice forbids the sheriff, in levying execution, from taking possession. In such case actual seizure is not essential, but notice of seizure is sufficient.

Failure to collect rents during seizure may render sheriff liable to seizing creditor, but does not invalidate the seizure.

APPEAL from the Sixteenth District Court, Parish of East Felici-
ana. *Wedge*, Special Judge.

*T. B. Lyons* and *Ellis & Ellis* for Plaintiff and Appellee.

*T. J. Kernan* for Defendants and Appellants.

The opinion of the court was delivered by

FENNER, J. On March 5th, 1879, defendants, Fuqua, tutor, and Miss Clinton, under execution on a twelve months' bond, claim to have seized a house and lot in the town of Clinton, then belonging to L. M. Pipkin, husband of the present plaintiff.

In April, 1879, L. M. Pipkin, the owner and seized debtor, filed a petition in which he judicially alleged that the sheriff *had seized* and was about to sell the property and upon grounds therein set forth, none of which attack or impeach the validity of the seizure, applied for and obtained an injunction restraining the sale.

During the pendency of this injunction proceeding, his wife sued for and obtained a judgment of separation of property, including a moneyed judgment against him.

He then executed a *dation en paiement* in her favor, by which he transferred to her this property in satisfaction of her judgment.

Subsequently, his injunction suit was finally decided against him, and the defendants again proceeded with the sale of the property under their original execution.

Thereupon the plaintiff wife instituted the present action, in which she alleges ownership of the property under her *dation en paiement*, avers that the same passed to her free from any privilege resulting from the execution of defendants' *fi. fa.*, for the reason that no valid seizure was made thereof, and applied for and obtained an injunction against the sale.

Defendants, among other grounds, plead: First, that she is estopped from denying that the property was seized, by the judicial admissions of her husband and assignor contained in his original injunction petition; second, that the seizure was legal and valid.

Both grounds are fatal to the plaintiff's pretensions.

1. It is obvious that L. M. Pipkin could not be heard in such an action as the present for two reasons: first, because he could not contradict his judicial admission that the property had been seized, and, second, because he was bound to allege all his grounds of opposition to the sale in his first suit and could not resort to successive injunctions. His, wife, as his assignee, can acquire no rights which he did not possess and is bound by estoppels which were binding on him at the date of her acquisition. The relation of husband and wife which existed between them has no influence upon the question. She stands like any other transferree.

If the seizure was incontestable by the husband, he could not transfer to any other a greater right than he himself possessed.

2. The objection to the seizure is that the sheriff did not take actual possession of the property but only served notice of seizure on the debtor.

It is undoubtedly true that, as a general rule, the law requires, in the country parishes, an actual taking and holding of possession by the sheriff to constitute a valid seizure. But the law itself makes a distinct exception in the case of immovables which are leased or rented. C. P. 657; Decoux vs. Bank, 2 Ann. 157.

In that case, the sheriff is not required or permitied to take the property into his custody. The ceremony of going on the property and immediately retiring therefrom, would be too idle and objectless to suppose that it was within the contemplation of the law. In such a case we hold that due notice of the seizure to the owner and judgment debtor is all that the law requires.

It is admitted that this property was leased at the date of the seizure. Due notice was served upon the owner and debtor. The tenant, though not in an official or formal manner, was notified of the seizure. Nor is the case affected by the failure of the sheriff to demand and collect the rents. That may involve a question of his responsibility to the seizing creditor, but does not affect the seizure of the property.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged

and decreed that there be judgment rejecting plaintiffs' demand and dissolving the injunction, plaintiffs and appellees to pay costs in both courts.

## ON APPLICATION FOR REHEARING.

POCHÉ, J.   Mrs. Pipkin enjoined the seizure of a piece of property seized as her husband's, on the ground that she had acquired the same since the pretended seizure, and on the further ground that there has been no legal or valid seizure of the same.

Our decision maintained the plea of estoppel on the ground that the wife as transferree of her husband under a title executed subsequently to the alleged seizure, was bound by his judicial admission, made in a previous suit for injunction instituted by himself with a view to restrain the same seizure, in which he had not only admitted, but had alleged, the legality of the seizure which he had sought to arrest on other grounds.

In applying for a rehearing, her present counsel urge with confidence, and argue with great zeal, that we had entirely misunderstood the real issue in the case.

Their contention is, that the real issue hinged upon the validity of her title as affected by the nullity of her acquisition of the property while it was in the possession of the sheriff under execution.   They argue that when the *dation en paiement* was made in her favor by her husband in August, 1879, the writ under which the sheriff had seized, and which had issued in March preceding, had expired in May following, and had not been returned and renewed as the law requires; and that therefore the property was not under seizure at the date of the transfer to her.

Hence, it is asserted that our decision is predicated on an issue which was not an element in the case.

A reference to the petition of injunction shows that no allusion is even made to the now alleged extinction of the writ, and nothing in the defendants' answer justifies even an implication that such an issue was made in the pleadings.

The sheriff's return from which, it is argued, flows the proof that the writ was extinct in August, 1879, was not offered in evidence by plaintiff, but by the defendants themselves.

On the first page of the brief presented to us on appeal by the counsel who thus represented plaintiff, we find the following statement, which is full of significance: "The point in this case is, whether on March 5, 1879, the sheriff made a valid and legal seizure of certain

property in the town of Clinton." That was the issue which the defendant met by their plea of estoppel, and that was the issue which our decision disposed of. Nothing in the record justifies the remotest inference that any other or different issue was tendered, met or passed upon in the lower court.

The ingenious feat of injecting a new and entirely distinct issue in the case on an application for rehearing is as bold as it is impracticable. It stands to reason that we cannot sanction such a practice, which is repugnant to all known rules of precedence in our jurisprudence.

Rehearing refused.