[L. A. No. 170. In Bank.—December 7, 1897.]

EMIL LEHNHARDT, Respondent, v. FRANK S. JENNINGS et al., Appellants.

FEES OF SHERIFF—LEVY UNDER EXECUTION—JUDGMENT LIEN—ATTACHMENT—NOTICE OF SALE—ILLEGAL EXACTION OF FEES—RECOVERY BACK.—A sheriff can exact legal fees only for such acts as are necessary to a full performance of his duty, so as to protect him against any charge of dereliction, and for none others; and where the judgment under which real property is sold under execution is a lien upon the land sold, it is a sufficient seizure and levy under the execution, to give the statutory notice of sale of the land under the execution, and the sheriff cannot legally exact fees for levying the execution upon the land in such cases in the manner in which a writ of attachment is levied, and fees illegally exacted for such levy may be recovered back from the sheriff by the judgment debtor or his assignee.

ID.—LANDS OF RECORD IN NAMES OF THIRD PARTIES—MODE OF LEVY OF EXECUTION—INTEREST OF DEFENDANT.—The fact that some of the land upon which the sheriff levied stood on the records of the county in the names of persons not parties to the writ does not require that the levy of the execution should be different in case of such land, nor that there should be any notice other than that given to the general public by the ordinary posting and advertisement of sale; and, in such case, the judgment lien, levy, and sale can only operate on such interest in the land as may be in fact owned by the defendant.

JURISDICTION—AMOUNT IN CONTROVERSY—PRAYER.—The prayer of a complaint is not conclusive of the jurisdiction of the superior court if the record shows on its face that the dispute concerning an amount within the competence of that court to consider is feigned and not real.

APPEAL from a judgment of the Superior Court of San Diego County. W. L. Pierce, Judge.

The facts are stated in the opinions rendered in Department One and in Bank.

A. H. Sweet, for Appellants.

Trippett & Neale, for Respondent.

Haines & Ward as *Amici Curiæ*, also for Respondent.

BRITT, C.—A decision was rendered in Department directing the reversal of the judgment obtained by plaintiff in this cause, on the ground that the case was not cognizable in the superior court, the amount in controversy appearing on the record as presented to be less than three hundred dollars. Subsequently, on the petition of respondent, accompanied by a suggestion of diminution of the record and a certified copy of matter said to have been omitted therefrom, a hearing in Bank was ordered by the court; not, as we understand, because the conclusion of the Department was considered to be erroneous on the record as filed, but because this, when supplemented by said omitted matter, was deemed to show a case of which the court below had jurisdiction.

The more material facts are stated in the former opinion; it may be added that some part of the lands levied upon stood on the records of the county in the names of persons not parties to the execution. The county was joined as a defendant for the reason, apparently, that its treasury, and not the sheriff personally, is the ultimate beneficiary of the fees collected by him. We are to inquire what things were necessary to be done by the sheriff in order to make a proper levy of an execution, on lands already subject to the lien of the judgment on which the writ was issued; not merely the procedure which would make a subsequent sale of the land good in favor of a purchaser and against the defendant in the execution (which was the question decided in *Blood v. Light*, 38 Cal. 649, 99 Am. Dec. 441), but what acts were necessary to a full performance of the officer's duty so as to protect him against any charge of dereliction; for such acts he might claim legal fees, but for none others. The substance of those provisions of the Code of Civil Procedure which most nearly touch the subject is as follows: Section 542 relates to the method of exe-

cuting a writ of attachment; real property standing upon the records of the county in the name of the defendant must be attached by filing with the recorder of the county a copy of the writ, a description of the property attached, and a notice that it is attached, and by leaving like papers with an occupant, if any; and if no occupant, then by posting the same on the property. If real property of the defendant is held in the name of some other person, the mode of attachment prescribed is varied to meet the exigency of such a case, notice to such other person being provided for. Section 671 makes a docketed judgment a lien upon all unexempt real property of the defendant in the county. Section 682 relates to the form of the writ of execution; when the judgment is a lien on real property, and sufficient personalty is not found, the sheriff is required to satisfy the judgment out of the real property belonging to defendant on the day when the judgment was docketed, etc. Section 688 provides that all property (not exempt by law) seized and held under attachment in the action is liable to execution. "And all other property, both real and personal, or any interest in either real or personal property . . . . may be attached on execution in like manner as upon writs of attachment. . . . . Until a levy, property is not affected by the execution." Section 691: "The sheriff must execute the writ against the property of the judgment debtor by levying on a sufficient amount of property, if there be sufficient; collecting or selling the things in action, and selling the other property," etc. Section 692 provides that before the sale of real property on execution notice thereof must be given for twenty days by posting notices in the township or city where the property is situated and by publication in a newspaper of the county.

It is seen that section 691 makes the levying of the writ a part of the process of executing it. The term "levy," when employed to connote the acts by which an officer manifests the intent to appropriate land to the satisfaction of an execution, and when not defined by statute, has considerable elasticity of meaning; so probably for the reason that as the common law permitted no levy of the writ on lands, it devised no procedure for that purpose. In one state, a statute provided that a "levy" should be understood to be the actual seizure of property by the officer

executing the writ; it was held that this applied only to property capable of being seized; that it was not necessary to enter on land to make a levy; and that the law was silent as to what should be the evidence of a levy on this species of property. (*Duncan v. Matney*, 29 Mo. 368; 77 Am. Dec. 575.) In Louisiana only, it appears, is the levy on land assimilated to that of goods, and the officer is required to take and hold actual possession (*Pipkin v. Sheriff*, 36 La. Ann. 781); quite in contrast with which practice is the doctrine in North Carolina that the levy "may be made in the office, although it [the land] may be ten miles distant and the officer has never seen it." (*Bland v. Whitfield*, 1 Jones, 125. See, also, 2 Freeman on Executions, sec. 280 a; 8 Ency. of Pl. & Pr., 511, et seq.)

In *Wood v. Colvin*, 5 Hill, 228, it was held that when the judgment on which execution has issued is a lien upon land it is unnecessary to make a formal levy of the writ before proceeding to sell; and this has been said here to be the correct rule. (*Bagley v. Ward*, 37 Cal. 132; 99 Am. Dec. 256.) But the statute (Code Civ. Proc., sec. 691) evidently contemplates that levying is something different from selling, and it is urged in support of the appeal that the levy thus required must be made in the manner described in section 688, viz., "in like manner as upon writs of attachment," by filing a copy of the writ in the office of the recorder, etc. Upon careful consideration, our conclusion is different; the purpose of the provisional remedy of attachment is to obtain security for the satisfaction of any judgment that may be recovered in the action (Code Civ. Proc., sec. 537); so the purpose of attaching under the writ of execution, as permitted by section 688, is to obtain security for the satisfaction of a judgment previously recovered; but, when such judgment is already a lien, the main object of an attachment has been accomplished. Again, if to levy an execution on lands in obedience to said section 691 necessarily means attaching them in like manner as upon writs of attachment, then although there may have been first a regular statutory levy of a writ of attachment in the action, the lien of which was preserved by the judgment (*Porter v. Pico*, 55 Cal. 174), it would still be indispensable, when the execution issues, to repeat with the latter writ the proceedings taken under

the former, which would seem to be mere futility. (*Beaton v. Reid*, 111 Cal. 484.)

In *Bagley v. Ward, supra*, the court seems to have been disposed to concede that by the provision that "property may be attached on execution in like manner as upon writs of attachment," then contained in section 217 of the practice act, the legislature intended to require, in all cases, for the levy of an execution, the filing in the recorder's office of a copy of the writ with a description of the property levied upon, as in the case of an attachment; "but," said the court, "however this may have been, it is now too late to insist on that construction. The practice has been almost uniform since the adoption of that provision in 1851, to omit the filing of a copy of the execution in the recorder's office." *Bagley v. Ward* illustrates the practice then understood to be prevalent; there has been no change in the statutes material to the question since that time; and, of course, if filing a copy of the writ in the recorder's office might be omitted, so might the other steps necessary to the levy of a writ of attachment. The clause of section 688 that, "until a levy, property is not affected by the execution," has no bearing in the present controversy. (*Blood v. Light, supra*.)

It was remarked in *Southern Cal. etc. Co. v. Ocean Beach Hotel Co.*, 94 Cal. 223, 28 Am. St. Rep. 115, that the act of the officer by which he indicates the particular property which he intends to sell under the execution is called a levy. The conclusion stated more at large by Shaw, C. J., in *Hall v. Crocker*, 3 Met. 245, is similar: "The statute having fixed upon no specific act which will constitute the seizure of land on execution, the court are of the opinion that when an execution has been delivered to an officer, with directions to levy the same on the real estate of the debtor, and the officer accepts the execution with such directions, and consents and undertakes to execute it, any act done by him in pursuance of that purpose is a beginning to execute it, and constitutes a seizure; and the making of a memorandum which enables him to fix the date of such act, and make his return, is sufficient for this purpose." With us, the officer is required to give notice of the sale of real property under execution by posting notices thereof in the township or city where the property

is situated, and by publication in a newspaper. (Code Civ. Proc., sec. 692.) Notice thus given is certainly an unequivocal act manifesting the intent of the officer to appropriate the described property to sale for the satisfaction of the writ, and, in our opinion, is a sufficient levy in any case where the judgment is a lien on the property to be sold. In a case in the New York court of appeals a question arose upon the effect of a statute relating to the execution of process "by a seizure of or levy on money or other property in pursuance thereof"; a sheriff holding such process advertised for sale certain real property thereunder, and this was held to constitute a sufficient "seizure" within the meaning of the statute. (*Union etc. Inst. v. Anderson,* 83 N. Y. 174.) We are safe in saying that if it was a sufficient seizure it was also a sufficient levy.

It is not perceived that the case is affected by the circumstance that some of the land on which the sheriff levied stands on the records of the county in the names of persons not parties to the writ. The judgment lien or the levy or the subsequent sale could in no event operate on any interest in the land not in fact owned by the defendant. While it may, possibly, be desirable that third persons thus situated should be apprised specially of the proceeding, yet the law has not so provided. Their position is no worse than that of persons who claim land by title paramount to that of a mortgagor or other defendant in a suit where sale of the property is specifically decreed; the process issued to enforce such a judgment (Code Civ. Proc., sec. 684) is always executed without notice other than that given to the general public by the ordinary posting and advertisement. The judgment appealed from should be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Temple, J.,   Henshaw, J.,   McFarland, J.,
Harrison, J.,   Garoutte, J.

The following is the decision rendered in Department One, March 10, 1897, referred to in the foregoing opinion:

BRITT, C.—Plaintiff sues, as the assignee of one Hinton, to recover from defendant Jennings (who is sheriff of the defendant county) money paid by Hinton to Jennings, as fees demanded by the latter for official services in the levy of a writ of execution. Allegations appear in the complaint showing with considerable detail that the question arose between Hinton and the sheriff whether, in levying an execution issued on an ordinary money judgment, which judgment has become a lien on real property of the debtor, lands subject to the lien must be attached in the manner in which a writ of attachment is levied, under section 542 of the Code of Civil Procedure, the sheriff claiming that course to be proper. It is averred that the sheriff demanded "the fees hereinafter specified, which fees were paid the said Jennings under protest." The fees so specified were for proceedings taken by the officer in accordance with said section 542, and amounted to one hundred and seventeen dollars and forty cents. Then occur the following allegations: "That said defendant demanded of said Hinton the sum of two hundred dollars, in addition to said sums heretofore stated, all of which sums the said Jennings agreed to return to said Hinton if said demand was not legal. . . . . And plaintiff alleges that all of said charges and sums paid as aforesaid are illegal," etc. The prayer is for judgment in the sum of three hundred and seventeen dollars and forty cents. The complaint was not verified, and the answer was a general denial. The court made findings containing a recital that the parties agreed upon the same as true. These show that the sheriff, in executing the writ, attached numerous parcels of land in the manner alleged by plaintiff, and charged and was paid therefor the sum of one hundred and seventeen dollars and sixty-five cents; and for this amount the court rendered judgment in favor of plaintiff. No reference is made in the findings to a demand by the sheriff, or payment to him, of anything beyond said sum of one hundred and seventeen dollars and sixty-five cents.

In our opinion, the record discloses no cause of action of which the superior court has original jurisdiction. In order that jurisdiction may be exercised by that court in an action at law for the recovery of money only, the constitution requires that the demand in suit shall amount to three hundred dollars. (Const., art. 6, sec. 5.) It is well settled that in such actions the amount

sued for determines the jurisdiction of the court. But in the cases pertaining to the subject an actual dispute concerning an amount within the jurisdiction of the court to consider appeared *prima facie* from the record (*Dashiell v. Slingerland*, 60 Cal. 653; *Bailey v. Sloan*, 65 Cal. 387; *Lord v. Goldberg*, 81 Cal. 596; 15 Am. St. Rep. 82, and others); and it has never been held that the prayer of the complaint should conclude the question of jurisdiction, regardless of the allegations on which it is founded. (See *Jackson v. Whartenby*, 5 Cal. 94.) In this case, there is no semblance of real controversy over any sum greater than that for which the court gave judgment. It is alleged in the complaint that the sheriff demanded two hundred dollars in addition to the specified fees for attaching the land; but it is not stated upon what pretext he made such additional demand, nor wherein its illegality consisted, if it was illegal, nor that it was paid. Both the contents and the omissions of the findings tend to confirm the inference that the only substantial purpose of the statement relating to an additional demand of two hundred dollars by the sheriff is to give color to the prayer for a sum sufficient to authorize the court to take cognizance of the action. If it was deemed desirable to have an authoritative decision of the question of the sheriff's duty under the writ, the law has provided methods competent for that purpose, and not obnoxious to any provision of the constitution. We recommend that the judgment be reversed, and the cause remanded, with directions to the court below to dismiss the action.

Haynes, C., and Searls, C., concurred.