ADOLPH WEINSTEIN

v.

PHILIP HERMAN et ux. et al.

[Decided April 14th, 1913.]

1. Rule No. 166 of this court which provides, amongst other
things, that "in cases of sale the master shall be allowed the same fees
that by law are allowed to a sheriff on sale by execution," is equivalent
to writing into the rule the entire provision of the statute with reference
to a sheriff's fees or commissions on the proceeds of a sale conducted by
him; so that where the property was duly advertised, but before the
day of sale the case was settled, the master is entitled to the same per-

centage on the value of the property which he was about to sell ·as a sheriff is entitled to, on the amount of his levy or the sum paid on an execution in his hands which is settled without sale.

2. When, therefore, the parties to a partition suit settle and adjust the matters in controversy, by exchanging conveyances between themselves or going back to the enjoyment of the premises as tenants in common, or otherwise, "and such settlement is made manifest to the officer (master), the one-half of the amount of percentage allowed in cases of sale" should be allowed to the master.

3. A decree for sale in the hands of a master is equivalent to an execution in the hands of a sheriff. Each is a "process." We speak familiarly of "process of execution." An order or decree of this court directing one of its officers to sell property of any of the parties to a suit is equally "process" to all intents and purposes.

On application to fix master's fees.

*Messrs. Weinberger & Vanecek,* for the complainant.

WALKER, CHANCELLOR.

This is a suit for partition. On December 26th, 1912, a decree adjudging the respective rights and interests of the parties and ordering a sale of the premises sought to be partitioned, in the presence and under the direction of Robert I. Hopper, Esq., one of the special masters of this court, was made and filed. The property was duly advertised, but before the day of sale, as the complainant's solicitors have given the court to be informed, the litigation was amicably adjusted, that is, the case was settled. Thereupon the master was ordered to discontinue proceedings under the decree for sale.

A dispute has arisen between the complainant and the master as to the amount to which he is entitled to be paid in the present posture of the case. He has made disbursements for advertising, &c., amounting to $71.56, which are not disputed. He claims that he is entitled to the same percentage on the value of the property which he was ·about to sell as a sheriff is entitled to on the amount of his levy, or the sum paid on an execution in his hands which is settled without sale, and I think, in this contention, he is right.

The fee bill, sub-title "Sheriff's," *Comp. Stat. p. 2284,* respecting the fees of such officer on execution sales provides:

"When a sale is made by virtue of an execution, on all sums not over one thousand dollars, two per centum on the amount of sales; if over one thousand dollars, and not exceeding three thousand dollars, one per centum on such excess; and if over three thousand dollars, one-half of one per centum on such excess; when the execution is settled without actual sale, and such settlement is made manifest to the officer, the one-half of the amount of percentage allowed in cases of sale."

The master avers, and it is not disputed, that the property he was about to sell is worth $50,000, and he figures his commissions thus:

Commissions on $50,000:

| | |
|---|---|
| 2% on $1,000 ...................... | $20 |
| 1% on $2,000 ...................... | 20 |
| ½% on $47,000 ..................... | 235 |
| ½ of ............................ | $275...$137.50 |

By rule No. 166 of this court, entitled "Partition," it is, among other things, provided:

"In cases of sale the master shall be allowed the same fees that by law are allowed to a sheriff on sale by execution."

This, in my judgment, is equivalent to writing into the rule the entire provision in the statute with reference to sheriffs' fees or commissions on the proceeds of a sale conducted by him. In that enactment, as we have seen, is a proviso that:

"When the execution is settled without actual sale, and such settlement is made manifest to the officer, the one-half of the amount of percentage allowed in cases of sale"

is the commission of the sheriff.

It may be argued that, as the rule in partition above referred to says, "in cases of sale the master shall be allowed the same fees," &c., there is no intention to give the master anything unless he actually makes sale. Not so, I take it, for if that is the interpretation to be given to the rule, then if the parties make settlement and the sale is thereby obviated, the master will receive nothing at all, except his actual disbursements. Now, it is perfectly obvious that the master does a great deal of his work prior to the sale. He has one or more consulta--

tions with the solicitor of the complainant, and perhaps other parties, as to the time and place of sale; has·to get up his advertisements and have them posted in certain public places and advertised in certain newspapers. He is required to draw the conditions of sale and make arrangements with reference to his own business for attendance upon the sale. These, and perhaps other performances, are undoubtedly part and parcel of the services for which the percentage of the proceeds of sale are intended to compensate. When, therefore, the parties to a partition suit settle and adjust the matters in controversy, by exchanging conveyances between themselves or going back to the enjoyment of the premises as tenants in common, or how otherwise, "and such settlement is made manifest to the officer (master), the one-half of the amount of percentage allowed in cases of sale" should be allowed to the master. He is as much entitled to it as the sheriff in similar circumstances, and I am of opinion that the law gives it to him.

A decree for sale in the hands of a master in chancery is equivalent to an execution in the hands of a sheriff. Each is a "process." We speak familiarly of "process of execution." An order or decree of this court directing one of its officers to sell property of any of the parties to a suit is equally "process" to all intents and purposes. See *Wood* v. *McCardell, &c., Carriage Co., 49 N. J. Eq. (4 Dick.) 433; 2 Bouv. Dict. (Rawles Rev.) 766.*