[No. 2408]

CLOVER VALLEY LAND AND STOCK COMPANY (A CORPORATION), RESPONDENT, *v.* S. G. LAMB AND C. L. TOBIN, J. SHEEHAN, G. W. SUMMER-FIELD, T. D. BROWN, B. J. LIONAZ, AND MOSES REINHART, APPELLANTS.

[187 Pac. 723]

1. SHERIFFS AND CONSTABLES—NOT ENTITLED TO COMMISSIONS ON FORECLOSURE SALE UNDER DECREE.

Under Rev. Laws, 2009, as to "commissions for receiving and paying over money on execution or process where lands * * * have been levied on, advertised and sold," and in view of section 2019, a sheriff is not entitled to commissions for receiving and paying over money on the sale of real property sold pursuant to a decree and order of sale made upon the foreclosure of a mortgage; an execution and levy being entirely supererogatory in a foreclosure proceeding where the lien on the property has already attached by reason of the mortgage contract.

2. OFFICERS—STRICT CONSTRUCTION OF FEE STATUTES.

Statutes allowing public officers fees for services are strictly construed in favor of the person from whom fees are sought to be collected.

3. STATUTES—LEGISLATURE PRESUMED TO KNOW LAW.

The legislature is presumed to have knowledge of the state of the law upon the subject upon which it legislates.

4. STATUTES — CONTEMPORANEOUS CONSTRUCTION UNAVAILABLE
   WHERE LANGUAGE UNAMBIGUOUS.
   Contemporaneous construction, as shown by long practice
   by the legal profession and officers, and acquiescence therein
   by the legislature, is to be resorted to only when the statutory
   language is of doubtful import.

APPEAL from Sixth Judicial Court, Humboldt County;
*James A. Callahan,* Judge.

Action by the Clover Valley Land and Stock Company
against S. G. Lamb and others. From judgment for
plaintiff, defendants appeal. **Affirmed.** SANDERS, J.,
dissenting.

*Thomas E. Powell,* for Appellants:

A "decree and order of sale" is "process," within the
meaning of the statutes. Rev. Laws, 2009; Bank v.
Wall, 91 N. W. 525; Holmes v. Crooks, 76 N. W. 1073;
National F. I. Co. v. Chambers, 32 Atl. 663; Sauer v.
Steinbauer, 14 Wis. 70; Savage v. Oliver, 36 S. E. 54;
Harmon v. Childress, 11 Tenn. 327; Southern Cal. L.
Co. v. Ocean Beach H. Co., 29 Pac. 627. "The word
'process' as found in the statute is equivalent to the
sheriff's authority." People v. Nash, 1 Idaho, 206;
Blumauer-Frank D. Co. v. Branstetter, 43 Pac. 575.
"We have only to decide whether the sheriff does receive
and pay over money on process when he sells mortgaged
property to the judgment creditor at a foreclosure sale.
We find that the sheriff performed his whole duty in the
premises, and that the judgment creditor has, by the
levy and sale, acquired that which, as between him and
the mortgagor, is money received and paid over on
process." Jurgens v. Houser, 47 Pac. 809.

"If a statute is valid it is to have effect according to
the purpose and intent of the lawmaker. The intent is
the vital part, the essence of the law, and the primary
rule of construction is to ascertain and give effect to
that intent." Lewis's Sutherland, Stat. Constr., 2d ed.,
sec. 363; State v. Ross, 20 Nev. 61.

The court may consider extraneous facts in aid of con-
struction. "If the statute has been in force for a long

period, it may be useful to know what the contemporary construction was; its practical construction; the sense of the legal profession in regard to it; and the course and usages of business which it will affect." Bagley v. Ward, 37 Cal. 137.

*Warren & Hawkins,* for Respondent:

A levy in making a judicial sale is a vital element. In this case the sale was made without levy. Appellants must therefore justify the sheriff by referring to some statute authorizing him to collect a commission on a sale made pursuant to a decree of a court of equity and without a levy. Statutes relating to fees and compensation of public officers are strictly construed, and an officer is entitled only to what is clearly given by law. Fusier v. Mayor, 3 Nev. 58; Berry v. Kiefer, 133 Pac. 1126. "No other fees shall be charged than those specially set forth herein, nor shall fees be charged for any other services than those mentioned in this act." Rev. Laws, 2019. "No rule of law is better settled than the one that an officer can only demand such fees as the law has fixed and authorized for the performance of his official duties." Washoe County v. Humboldt County, 14 Nev. 131.

There is a distinction between a sale under execution and one under an order of sale. Rev. Laws, 5284. No levy is necessary in the sale of mortgaged premises on foreclosure. "The only object of the levy is to create a lien upon the land * * * to subject the lands to the payment of the plaintiff's debt. If this has already been done, the levy is supererogatory." Freeman on Executions, 2d ed., vol. 2, sec. 280; Southern Cal. L. Co. v. Ocean Beach H. Co., 29 Pac. 627; Smith v. Schwartz, 60 Pac. 305; 27 Cyc. 1671; Dennis v. Moore, 52 Pac. 333.

The decision of the lower court fully disposes of the arguments of the appellants, and is conclusive of the case on its merits. It is clear and logical, and should be accepted by this court as the correct construction of the law involved.

By the Court, DUCKER, J.:

The plaintiff in the court below, respondent here, brought this action to recover from S. G. Lamb, as sheriff of Humboldt County, and his bondsmen, the sum of $1,040.93, with interest thereon from December 21, 1918, and costs.

Appellant's demurrers to the complaint were overruled and upon failure to answer within the time allowed by the court, judgment was entered for the amount stated against the appellants. From the judgment entered this appeal is taken.

1. The facts out of which this action arose are substantially as follows: Respondent, who was the holder and owner of a note and mortgage given to it to secure part payment on the purchase price of certain lands situate in Humboldt County sold by respondent to one W. H. Johnson, obtained a decree of foreclosure. Pursuant to the judgment, decree, and order of sale said sheriff duly advertised and sold the mortgaged premises to respondent for the sum of $136,291, the amount found to be due and owing to the respondent in the foreclosure proceedings.

The sheriff demanded from respondent for his services the sum of $1,116.63. This amount included the sum of $1,040.93 which he claimed as commissions under the statute hereinafter discussed. Respondent tendered to the sheriff and offered to pay the sum of $74.70, the total amount of costs, expenses, and fees claimed by him exclusive of commissions, and demanded a certificate of sale of the property sold to him. The sheriff declined to accept the amount tendered him and refused to execute and deliver such certificate of sale until the full sum claimed by him was paid; whereupon the respondent paid him under an acknowledged protest the sum of $1,040.93 claimed as his commissions and obtained a certificate of sale.

The clause of the statute under which the sheriff claims these commissions, and the clauses immediately preceding and succeeding it, read:

"For making and posting notices, advertising for sale, on execution or order, any judgment or order of sale, not to include the cost of publication in a newspaper, one dollar and fifty cents; for commissions for receiving and paying over money on execution or process where lands or personal property have been levied on, advertised and sold, on the first five hundred dollars, three per cent; not exceeding one thousand dollars, but over five hundred, one and one-half per cent; and on all sums over fifteen hundred dollars, three-fourths of one per cent; for commissions for receiving and paying over money on execution without levy, or when the lands or goods levied on shall not be sold, one-half of one per cent." Section 2009, Revised Laws of Nevada.

The sheriff did not act under an execution and made no levy upon the property, but, as stated, advertised and sold it pursuant to the decree and order of sale issued and made in the foreclosure proceedings. In fact, a levy for the purpose of dedicating the property to the purpose of the judgment, if made, would have been a superfluity; for the lien on the property had already attached by reason of the mortgage contract between the parties. Freeman on Executions (2d ed.) vol. 2, sec. 280.

As it is conceded that no levy was actually made or attempted, the question of even a constructive levy cannot arise. The sheriff claims commissions under the second clause of the statute cited. The question for determination is therefore thus presented: Is a sheriff legally entitled to commissions for receiving and paying over money on the sale of real property sold pursuant to a decree and order of sale made upon the foreclosure of a mortgage?

The learned trial court decided this question in the negative, and in his written decision which appears in the record, held that by the terms of the statute the class of services wherein the sheriff is allowed to charge the commissions thus authorized is limited to where "lands have been levied on, advertised and sold." We think the court was correct in this conclusion, and as the

reasoning by which it is reached is clear, concise, and logical, we have adopted a portion of the decision which deals with the intent of the legislature. The trial court, after pointing out that the sheriff fee act was first enacted in 1861 (Stats. 1861, p. 247), and again in 1865 (Stats. 1864–1865, p. 336), and lastly in 1883 (Stats. 1883, p. 59), and that the first clause of the statute we have quoted has remained practically unchanged by these enactments, and the second and third clauses wholly unchanged except as to the rate of commissions, proceeds:

"We have thus three different legislative bodies, in three successive acts of the legislature, passed at three different times, in a period of twenty-four years, using substantially the same language respecting the point at issue, and under such circumstances the court cannot assume that they overlooked the fact that a levy is unnecessary in executing a mortgage foreclosure order of sale, nor can the court assume they they unintentionally omitted the term 'order of sale' in the second and third clauses hereinbefore set out. Pursuing further the question of the intention of the legislature, we find that in clause 1 a fee of $1.50 is provided for making and posting notices, and advertising for sale on order (under) any order of sale. It seems unlikely that three different legislative bodies having had an 'order of sale' in mind in framing clause 1, and in providing fees to the sheriff for making and posting notices and advertising for sale should have entirely forgotten an 'order of sale' in framing clauses 2 and 3, which are the next two succeeding clauses in the act; thereafter the term 'order of sale' must have been intentionally omitted by the legislature in framing clauses 2 and 3. Force is added to this conclusion when we consider the language of clause 3, which reads, 'for commissions for receiving and paying over money on execution without levy, or where the lands levied on shall not be sold, one-half of one per cent.' In this clause both the terms 'process' and 'order of sale' are entirely omitted. If in framing clause 2 the legislature intended that in executing an order of sale in a

mortgage foreclosure proceeding the sheriff should have commissions equivalent to those allowed in levying and selling under an execution, then why, in framing clause 3, and providing for certain commissions for specified acts done under an execution, should it not have provided for similar commissions for similar acts done under an order of sale?

"Under the language of clause 3, if the sheriff, in executing an order of sale, had posted his notices and advertised the mortgaged property for sale, but did not sell the mortgaged property because before the sale actually occurred the mortgagor paid the amount of the judgment and costs, it is clear that the sheriff would be entitled to no commissions, because the clause clearly provides for commissions to be paid the sheriff only in executions; i. e., 'for receiving and paying over money on executions without levy or where the lands levied on shall not be sold.' If the demurrers in this action were to be sustained, section 2009 would have to be construed thus: If the sheriff receive and pay over money on execution, where lands have been levied on, advertised, and sold, he shall receive the higher rate of commissions. If he sell the lands under an order of sale, then, by assuming that he made a levy, he would receive like commissions. If he receive and pay over money on execution without levy, or where the lands levied on have not been sold, he shall receive the lower rate of commissions, but, if he receive and pay over money on an order of sale where the lands have not been sold, he shall receive no commissions whatever, notwithstanding the fact that the services performed in the latter two instances are just as nearly like each other as are the services performed under the former two instances. Clearly this would be an intentional omission on the part of the legislature, and a court would be making a wide departure in saying that such an omission was the result of an oversight on the part of three legislative bodies, where a different plain construction of the statute is apparent, without indulging in the presumption that such an oversight was made.

"It therefore seems to be the more reasonable conclusion that the legislature did not intend that the sheriff should receive any commission in executing an order of sale in a mortgage foreclosure proceeding."

The learned district attorney, counsel for appellants, attacks this conclusion and the reasons assigned for it because no effect whatever is given to the word "process" in the clause under which the sheriff claims commissions, thereby depriving him of compensation for a most important official act, namely, receiving and paying over money obtained from a sale of lands under a decree and order of sale. He contends that a decree and order of sale comes within the meaning of "process" and that, as a levy cannot be made under a decree and order of sale in foreclosure proceedings, the words of the clause "where lands or personal property have been levied on, advertised and sold" must be held to relate to the word "execution," in order to effect the purpose of the legislature in section 2009 to give to the sheriff compensation for all of his official acts.

We are not unmindful of the statutory rule of construction involved in these contentions that a statute must be given such reasonable construction as will, if possible, make all its parts harmonize with each other and render them consistent with its scope and purpose. The purpose of section 2009 is undoubtedly to give the sheriff compensation in full for all of his official acts, but it is apparent from a consideration of the section and the duties devolving upon him that it was not the intention to compensate him by a particular fee for every official act. Without specifying the official acts he was required to perform without fee when the statute of 1883 was enacted, aside from receiving and paying over money obtained from the execution of an order of sale, which in our judgment is included, it is sufficient to say that in section 17 of the act it was recognized that officers under the fee system were required to perform certain services without charge. It provides:

"No other fees shall be charged than those specially

set forth herein, nor shall fees be charged for any other services than those mentioned in this act." Stats. 1883, sec. 17, p. 65; Rev. Laws, 2019.

2. So it cannot be said that the construction placed upon the clause in question limiting the services to be compensated by commissions to instances where the lands have been levied on, advertised, and sold is contrary to the intent of the statute. If we were to transpose the language of the clause so as to effect the relation of the phrase "levied on," etc., to the word "execution," it would nevertheless be a strained construction to believe that the legislature, having provided for a small fee for making and posting notices of an order of sale in the preceding clause, would have resorted to the general term of "process" to indicate an order of sale in the succeeding clause, where large commissions might be involved. Statutes of this kind are, as a rule, strictly construed in favor of the person from whom fees are sought to be collected. 2 Lewis's Sutherland, Statutory Construction (2d ed.) sec. 714. To be allowed they must be clearly expressed. The tendency of public officers entitled to fees for their services to construe the statutes allowing them liberally may be at the foundation of this rule.

3. The legislature is presumed to have a knowledge of the state of the law upon the subjects upon which it legislates. It must have known that a levy is unnecessary where property is sold under an order of court to satisfy a mortgage; and, indulging this presumption, if it intended that commissions should be charged in such a case, it would not have used language clearly indicating that a levy is necessary.

The purpose of the law in allowing commissions for receiving and paying over money on execution and withholding compensation for the same services performed pursuant to a sale under order of court in foreclosure proceedings is not obscure. As pointed out by the trial court, an officer acting under such an order, if he obeys it strictly, incurs no liability, while, on the other hand,

he is liable for the consequences of an illegal levy. It is therefore quite probable that the legislature believed that the sheriff was entitled to commissions on executions on account of the liability to which he was exposed. Counsel for appellants contend that this inference is refuted by other provisions of the section which provide compensations for all official acts incident to levy and sale. An examination of the fees provided for such services, which do not appear to be proportionately larger than for other services in section 2009, convinces us that they were intended as compensation for expense and trouble, and not allowed upon the basis of contingent liability.

The case of Jurgens v. Hauser, 19 Mont. 184, 47 Pac. 809, is cited by counsel for appellant as an authority against our construction of the statute. In the Montana case there had been a foreclosure sale to the judgment creditor, and the action was for collection of commissions under a clause substantially the same as the clause in question in this case. The Montana statute in respect to commissions (omitting the rates) provides:

"For commissions for receiving and paying over money on execution or other process, when lands or personal property have been levied on and sold * * *. For commissions for receiving and paying over money on process without levy or when the lands or goods levied on are not sold." * * * Pol. Code, 1895, sec. 4634.

The question decided in Jurgens v. Hauser was that the sheriff was entitled to commissions on the theory that he does receive and pay over money on process when he sells mortgaged property to the judgment creditor at a foreclosure sale, whether the money actually passes from the latter to him or not. In deciding this question the court must have concluded that commissions were due under the clause of that statute which is similar to the one in question here. But it appears from the opinion in that case that a levy was actually made by the sheriff, notwithstanding the sale was pursuant to foreclosure proceedings. The court said:

"An order of sale and execution was duly issued."

And again in another part of the opinion the court said:

"Adopting this reasoning to our statutes, we find that the sheriff performed his whole duty in the premises, and that the judgment creditor has, by the levy and sale, acquired that which, as between him and the mortgagor, is money received and paid over on process," etc.

The weakness of Jurgens v. Hauser as an authority for appellant on the construction of the clause in question is apparent, because, so far as the opinion discloses, the court did not regard an execution and levy as entirely supererogatory in a foreclosure proceeding, and further because the question before us was incidentally decided there.

4. It is insisted that long practice by the legal profession and officers, and acquiescence by the legislature in the appellants' construction of the clause, should have weight in ascertaining the legislative intent. Contemporaneous construction of this kind is often resorted to where the language of the statute is of doubtful import (Lewis's Sutherland, Statutory Construction, sec. 472), but the meaning of the clause to allow the sheriff commissions only when the lands or personal property have been levied on, advertised, and sold is too plain to invoke this extraneous aid.

The judgment of the court is affirmed.

SANDERS, J., dissenting:

We must assume that the legislature used the words "execution or process" with full knowledge of their legal meaning. They are as old as courts. Under our practice there are but two ways to enforce a final judgment. One is by execution, and the other is by a certified copy of the judgment. Rev. Laws, 5284. The first is the proper mode where the judgment is for the payment of money; and the second is the proper mode where the judgment requires the performance of any other act. A judgment which directs the sale of specific property to satisfy a mortgage or other lien upon it falls within the second class, and is to be enforced by the proper officer under a

certified copy of the judgment. Heyman v. Babcock, 30 Cal. 367.. The decree or judgment is not self-executing. It must be enforced by some person authorized by law. The sheriff of the county where the incumbered property is situated is that person. Rev. Laws, 5501. A judgment of foreclosure directing the sale of mortgaged premises by the sheriff in "process," and, by analogy to the former equity practice, includes "order of sale." Tregear v. Etiwanda Water Co., 76 Cal. 537, 18 Pac. 658, 9 Am. St. Rep. 245; Weinstein v. Herman, 81 N. J. Eq. 236, 86 Atl. 974. In this sense the term "process" is used in the particular provision of the general law concerning the compensation of sheriffs. It is added to the term "execution" designedly, and as thus inserted is intended to comprehend something more than mere execution. It is not mere tautology and must be allowed an operation as extensive, if not more extensive, than "execution"; otherwise there would be no purpose for its having been inserted in the provision. But my associates, by a too rigid interpretation of the word "levied" as applied to the term "process," have excluded the latter from the provision altogether—I think in opposition to the context, spirit and purpose of the law.

It must be conceded that the sheriff does not bear such relation to the court that he must take notice of its orders and judgments and without process carry into effect those that require the aid of a ministerial officer. Heyman v. Babcock, supra. The general rule is that process is the authority of the sheriff to act. Whether it be styled execution or process is immaterial, and when a statute allows him a specified compensation for executing either in any case that involves the receipt and paying over of money, if he is guilty of no dereliction in the full and complete performance of the mandate of the court, no legal reason is suggested why he should not receive the compensation specified.

In support of the conclusion reached by my associates, it is in effect reasoned that, since the object of a levy is to create a lien upon the land, to indicate by some act of the officer the particular property which he intends to

sell, and that, since the judgment itself designates the property to be sold, there is no occasion for levy in case of foreclosure.  I concede that it is not necessary for the sheriff in such case to go upon the land to make a formal levy, but my attention has not been directed to any authority that dispenses with the necessity or requirement that the sheriff must by some unequivocal act manifest the intent to appropriate the described property to sale for the satisfaction of the writ or process where the judgment is already a lien upon the property to be sold.  The rule is well established that, where the judgment under which real property is sold under execution is a lien upon the land sold, it is a sufficient seizure and levy under the execution to give the statutory notice of sale of the land under execution. Lehnhardt v. Jennings, 119 Cal. 192, 48 Pac. 56, 51 Pac. 195; Crocker on Sheriffs, sec. 500.  The same rule applies upon a foreclosure decree.  By the advertisement the seizure becomes complete and renders the property subject to the judgment or decree.  Union Dime S. I. Co. v. Anderson, 83 N. Y. 174.  In the absence of some special provision in the judgment or decree to execute a sale of real property under a judgment of foreclosure, the procedure is the same as that provided for sale under writs of execution issued against real property of the judgment debtor.  The order of the court in such case is accompanied with like duties and responsibilities in one case as in that of the other and is followed by like consequences in case of dereliction.

This construction of the provision is in accordance with the intention of the legislature and that applied for more than a half century by gentlemen of the profession and persons affected by its operation.  I concede that it may be that in some instances, by reason of this construction, the sheriff is the best paid officer in the state, and I am impressed that, since it is now the policy of the law to place such office upon a salary basis, the provision as it now reads is properly a subject for future legislation, but this is a matter that does not concern courts.