[Civ. No. 2738. Second Appellate District, Division One.—January 29, 1920.]

HARRY E. HALL, Respondent, v. JOHN C. CLINE, Sheriff, etc., Appellant.

[1] CONVERSION—EXPENDITURES IN PURSUIT OF PROPERTY—DAMAGES. In an action for the wrongful conversion of property a plaintiff is entitled to recover a fair compensation as damages for time and money properly expended in pursuit thereof.

[2] JURISDICTION — HOW DETERMINED — JUDGMENT PRAYED. — Whether the superior court has jurisdiction in an action at law is to be determined by the demand or prayer of the complaint, made in good faith and reasonably supported by the allegations on which it is founded, and if this demand amounts to three hundred dollars, exclusive of interest, such court has jurisdiction of the case for all purposes, entirely regardless of the amount which the plaintiff may finally be held to be entitled to recover.

[3] APPEAL—RIGHT TO ASSESS DAMAGES, WHEN FRIVOLOUS.—Where an appeal is frivolous or taken for delay, the appellate court, under section 957 of the Code of Civil Procedure, may, in affirming the judgment, add to the costs on appeal such damages as may be just.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. L. Sacks for Appellant.

George H. Moore and Raymond E. Hoyt for Respondent.

. SHAW, J.—In this action plaintiff sued to recover $275 as the value of personal property alleged to have been converted by defendant, and also to recover damages in the sum of two hundred dollars, claim for which was based upon alleged expenditures made in the pursuit thereof.

The court found that defendant converted the property as alleged, the value of which it found to be $240, but it was untrue that plaintiff had suffered any damage on account of expenses incurred in pursuit of the property.

Judgment followed for plaintiff for $240, from which defendant appeals on the judgment-roll. The sole ground upon which he claims a reversal is that the court had no jurisdiction to render the judgment. His contention is that the alleged demand of two hundred dollars as damages, made in the complaint, was not the subject of a real controversy, but inserted for the purpose of justifying the prayer for a demand within the jurisdiction of the superior court, citing *Lehnhardt* v. *Jennings*, 119 Cal. 192, [48 Pac. 56, 51 Pac. 195]. [1] In an action for the wrongful conversion of property a plaintiff is entitled to recover a fair compensation as damages for time and money properly expended in pursuit thereof. (Civ. Code, sec. 3336.) The record is free from anything tending in the slightest degree to show that the demand for damages was in the nature of a fraud practiced upon the court. [2] On the contrary, it appears to have been made in utmost good faith, and hence is governed by the rule announced in *Gardiner* v. *Royer*, 167 Cal. 238, [139 Pac. 75], where it is said: "Whether the superior court has jurisdiction in an action at law is to be determined by the demand or prayer of the complaint, made in good faith and reasonably supported by the allegations on which it is founded, and that if this demand amounts to three hundred dollars, exclusive of interest, such court has jurisdiction of the case for all purposes, entirely regardless of the amount which the plaintiff may finally be held to be entitled to recover."

[3] That the appeal is not only frivolous, but was taken for delay, is made apparent from an inspection of the record and appellant's brief in support of the alleged error. The legislature, by section 957 of the Code of Civil Procedure, has wisely provided that as a means of discouraging the making of appeals for such purpose the court may, in

affirming the judgment, add to the costs on appeal such damages as may be just. The remedy may seem a harsh one, for the reason that as a rule a client is governed largely in such matters by the advice of his attorney who lends himself to such practice; but there is no other method to prevent the growing evil.

To the costs on appeal herein made for delay there is added the sum of $50 to be paid to plaintiff as damages.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.